In re ML BARGE POOL VII PARTNERS SERIES A, formerly known as ML Barge Pool VII Partners, Debtors.

ML BARGE POOL VII
PARTNERS—SERIES
A, Plaintiff,

v.

UNITED STATES of America, DEPARTMENT OF TRANSPORTATION MARITIME ADMINISTRATION, Defendant.

Bankruptcy No. 86–03097–DPM.
Adv. No. 87–0042(2).

United States Bankruptcy Court,
E.D. Missouri, E.D.

March 11, 1987.

---

John D. Evans, Jr., St. Louis, Mo., for plaintiff.

Jill S. Newman, Asst. U.S. Atty., St. Louis, Mo., for defendant.

### MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

On February 27, 1987, Debtor filed a Complaint against the United States Department of Transportation Maritime Administration ("MARAD") requesting the Court to exercise its equitable powers under Section 105 of the Bankruptcy Code ("Code"), and, notwithstanding MARAD's apparent authority to sell Debtor's barges under Section 362(b)(12) of the Code, stay such a sale until June 12, 1987. On March 6, 1987, MARAD filed its Answer, denying Debtor's right to the requested relief. The issue having been joined, the Court held a hearing on the matter on March 9, 1987, at which time evidence was adduced and the matter taken under submission. Each party has briefed the issues and the Court is now ready to rule. Based upon the foregoing and all other matters of record, the Court makes the findings of fact and conclusions of law set forth below and this date grants judgment for Debtor.

### FINDINGS OF FACT

1. On March 15, 1983, MARAD guaranteed the financing of Debtor's bonds, pursuant to the provisions of Title XI of the Merchant Marine Act, 1936, 46 U.S.C. § 1271 et seq. The guarantee was secured by fifty river barges.

2. On December 9, 1985, MARAD was required to pay about $8,750,291.00 under its guarantee as a result of Debtor's defaults on the bonds.

3. Beginning in February, 1986, Debtor began to turn over possession of the barges to MARAD at Guntersville, Alabama. All fifty barges are currently in MARAD's possession and are not in operation.

4. Pursuant to the Ship Mortgage Act, 46 U.S.C. § 911, et seq. and Supplemental Rules C and E of the Federal Rules of Civil Procedure, on September 10, 1986, MARAD instituted foreclosure proceedings on these barges in the United States District Court for the Northern District of Alabama, Civil Action No. CV86–AR–1682–M.

5. On November 13, 1986, the Alabama District Court ordered an interlocutory sale of the barges for December 15, 1986. This foreclosure sale was stayed when Debtor filed its voluntary Chapter 11 petition in this Court on December 12, 1986.

6. Aside from less than $100.00 in cash, Debtor's only asset is the fleet of fifty barges which have a market value of between $3,500,000 and $4,500,000.

7. Debtor's only secured creditor is MARAD. As of December 12, 1986, the date of Debtor's Chapter 11 petition, Debtor was indebted to MARAD in the principal sum of $8,750,291.12 with unpaid interest of $1,068,896.48.

8. Debtor has unsecured debts to other creditors in a sum less than $12,000.00.

9. On February 27, 1987, Debtor filed its Plan and Disclosure Statement. Debtor's Plan, if confirmed, provides for payment to MARAD of $9,819,188.00 over a period between eighteen and nineteen years. The Plan also provides for unsecured creditors to receive an 85 percent recovery on their claims and equity security holders to retain their interest in the reorganized Debtor.

10. Any of the foregoing findings of fact deemed to be conclusions of law are

hereby incorporated into the Conclusions of Law.

**CONCLUSIONS OF LAW**

1. This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O), which the Court may hear and determine.

2. On October 27, 1986, President Reagan signed the Omnibus Budget Reconciliation Act of 1986, Pub.L. No. 99–509, 100 Stat. 1874 (1986). Section 5001 of the Act provides as follows:

(a) Section 362(b) of title 11, United States Code, is amended—

(1) by striking the period in paragraph (11) and inserting in lieu thereof a semicolon; and

(2) by adding at the end thereof the following:

"(12) under subsection (a) of this section, after the date which is 90 days after the filing of such petition, of the commencement or continuation, and conclusion to the entry of final judgment, of an action which involves a debtor subject to reorganization pursuant to chapter 11 of this title, and which was brought by the Secretary of Transportation under the Ship Mortgage Act, 1920 (46 App.U.S.C. 911 et seq.) (including distribution of any proceeds of sale) to foreclose a preferred ship or fleet mortgage, or a security interest in or relating to a vessel or vessel under construction, held by the Secretary of Transportation under section 207 or title XI of the Merchant Marine Act, 1936 (46 App.U.S.C. 1117 and 1271 et seq., respectively), or under applicable State law; or

"(13) under subsection (a) of this section, after the date which is 90 days after the filing of such petition, of the commencement or continuation, and conclusion to the entry of final judgment, of an action which involves a debtor subject to reorganization pursu-

ant to chapter 11 of this title and which was brought by the Secretary of Commerce under the Ship Mortgage Act, 1920 (46 App.U.S.C. 911 et seq.) (including distribution of any proceeds of sale) to foreclose a preferred ship or fleet mortgage in a vessel or a mortgage, deed of trust, or other security interest in a fishing facility held by the Secretary of Commerce under section 207 or title XI of the Merchant Marine Act, 1936 (46 App.U.S.C. 1117 and 1271 et seq., respectively).

The provisions of paragraphs (12) and (13) of this subsection shall apply with respect to any such petition filed on or before December 31, 1989.".

Before July 1, 1989, the Secretary of Transportation and the Secretary of Commerce each shall submit a report to the Committees on Merchant Marine and Fisheries, and the Judiciary of the House of Representatives and the Committees on Commerce, Science, and Transportation, and the Judiciary of the Senate on the effects of this subsection together with any recommendations for legislation.

(b) The amendments made by subsection (a) of this section shall apply only to petitions filed under section 362 of title 11, United States Code, which are made after August 1, 1986.

(c) Subsection L of section 30 of the Merchant Marine Act of 1920 (46 App.U.S.C. 952) is amended by adding at the end the following: "When the Secretary of Commerce or Transportation is a mortgagee under this Act, the Secretary may foreclose on liens arising from rights attendant to the creation of mortgages under title XI of the Merchant Marine Act, 1936, subject to section 362(b) of title 11, United States Code.".

3. Debtor concedes and the Court agrees that under Section 362(b)(12) after March 12, 1987 MARAD will no longer be stayed from foreclosing its security interest in Debtor's barges unless this Court reimposes a stay under Section 105 of the Code.

4. "Although a bankruptcy court is essentially a court of equity, its broad equitable powers may only be exercised in a manner which is consistent with the provisions of the Code." *Johnson v. First National Bank of Montevideo,* 719 F.2d 270, 273 (8th Cir.1983), cert. denied, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984) (citations omitted).

5. In terminating the stay by operation of law "after the date which is ninety (90) days after the filing of such [a bankruptcy] petition" Section 362(b)(12) is analogous to Section 362(e) and Bankruptcy Rule 4001 which together terminate the stay by operation of law ninety days after a request for relief from the stay. In the latter case, numerous courts have reimposed the stay under Section 105 after its termination. *See, e.g., In re Medical Plaza Associates, Ltd.,* 67 B.R. 879 (W.D.Mo.1986); *In re Rolanco, Inc.,* 43 B.R. 150 (Bankr.E.D.Mo. 1984). The question, therefore, is whether equity requires reimposition of the stay after considering the facts and circumstances in this case.

6. If the stay is not imposed, MARAD will sell the barges and Debtor will not be able to reorganize. In that event, the unsecured creditors and equity security holders will realize absolutely nothing from this estate. In short, the Debtor and its unsecured creditors and equity security holders will be irreparably harmed.

7. On the other hand, if the stay is imposed, Debtor will have the opportunity to present its Plan and Disclosure Statement to all creditors and equity security holders. Debtor's Disclosure Statement and Plan of Reorganization appear to be carefully conceived and artfully drafted. The Court *may* well be able to confirm Debtor's Plan of Reorganization. If so, MARAD will be paid the amount of its claim, unsecured creditors will recover 85 percent of the amount of their claims and equity security holders will retain their interest in the reorganized debtor. The public will also benefit through the continuation of the reorganized debtor's presence in the field of commerce. Imposition of the stay, if the Plan is not confirmed, will at most provide a temporary inconvenience for MARAD. The balance of the equities, therefore, favors imposition of the stay at least until Debtor's Plan is either confirmed or denied confirmation.

8. In sum, the Court holds that though under Section 362 a debtor is relieved of the burden of showing the necessity for a stay, and such a stay is imposed "automatically", the termination of the stay by operation of law under Section 362(b)(12) does *not* preclude reimposition of the stay under Section 105, but only places the burden on the debtor to show its right to such injunctive relief. The Court concludes that this Debtor is entitled to injunctive relief under Section 105, because it has satisfied the criteria for such relief as set forth in *Dataphase Systems, Inc. v. C.L. Systems, Inc.,* 640 F.2d 109 (8th Cir.1981); *see also, N.L.R.B. v. Superior Forwarding, Inc.,* 762 F.2d 695, 699 n. 3 (8th Cir. 1985) (applying standards for issuing preliminary injunctions to bankruptcy cases).

9. So that this matter may be quickly resolved, the Court will expedite the hearing on Debtor's Disclosure Statement as well as any subsequent hearing to consider confirmation of Debtor's Plan. Furthermore, if the Court determines that Debtor's Disclosure Statement cannot be approved, the Court will terminate the stay imposed herein and permit MARAD to sell the barges.

10. An Order consistent with this Memorandum Opinion will be filed simultaneously therewith.

11. Any of the foregoing conclusions of law deemed to be findings of fact are hereby incorporated into the Findings of Fact.