**In re TRAWLER EAGLE, INC., Debtor.**

**Bankruptcy No. 88–00264.**
**Misc. No. 88–1136.**

United States Bankruptcy Court,
S.D. Alabama, S.D.

Nov. 10,. 1988.

Cheryl L.P. Crisona, Asst. U.S. Atty., Mobile, Ala., for movant.

Charles S. Street, Mobile, Ala., for debtor/respondent.

### ORDER

ARTHUR B. BRISKMAN,
Bankruptcy Judge:

This matter came on for hearing on the Motion of the United States of America for Relief from Automatic Stay. Appearing

were Cheryl L.P. Crisona, Assistant United States Attorney, for the United States, and Charles S. Street, attorney for the Debtor. Having analyzed the arguments of counsel and reviewed the facts of this case, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. The Debtor, Trawler Eagle, Inc., is engaged in the marine fishing business. The Debtor owns and operates the F/V John Gregory, a fishing vessel.

2. On May 16, 1986, the Debtor obtained a loan from the Government Guaranteed Funding Corporation (GGFC) and executed a promissory note in the amount of $200,000.00. The National Marine Fisheries Service (NMFS) guaranteed the loan by giving GGFC a guarantee and taking a note from the Debtor in the same amount.

3. The Debtor gave NMFS a first preferred ship mortgage on the F/V John Gregory to secure the guaranteed debt.

4. On November 4, 1987, the holder of the original guaranteed note (an assignee of GGFC) made demand on NMFS for payment of the note upon which the Debtor had defaulted. NMFS paid the note.

5. Pursuant to the guarantee agreement, NMFS accelerated the note on December 18, 1987, declaring the entire amount due.

6. On February 17, 1988, the Debtor filed a petition under Chapter 11 of the Bankruptcy Code.

7. The United States filed the present motion on behalf of NMFS requesting relief from the automatic stay to proceed with foreclosure on the F/V John Gregory.

8. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G), over which this Court has jurisdiction under 28 U.S.C. § 157(b)(1).

### CONCLUSIONS OF LAW

The filing of a petition under the Bankruptcy Code operates as a stay against, *inter alia*, the commencement of proceedings to obtain possession of property of the bankruptcy estate or to enforce liens against property of the estate. 11 U.S.C. § 362(a). Certain acts, however, are specifically excepted from the automatic stay. 11 U.S.C. § 362(b).

At issue in the present case is one of the two exceptions to the automatic stay most recently added to Section 362(b) by virtue of the Omnibus Budget Reconciliation Act of 1986.[1] The legislation added paragraphs (12) and (13) to Section 362(b), affording exceptions to the automatic stay for foreclosure actions brought by the Secretary of Transportation and the Secretary of Commerce, respectively. While the two exceptions are virtually identical, only Section 362(b)(13) is involved herein.

Section 362(b)(13) provides that the filing of a bankruptcy petition does not operate as a stay, after 90 days from the date of the petition, of actions by the Secretary of Commerce to foreclose on preferred ship mortgages under the Ship Mortgage Act. The language of this exception would appear to remove such foreclosure proceedings from the application of the stay, ostensibly providing an "automatic" exception without the need for a motion for relief. Although not codified in the Bankruptcy Code, there is, however, a clause in the

---

1. Pub.L. No. 99–509, 100 Stat. 1874 (1986). Section 5001 of the statute reads in relevant part as follows:

(a) Section 362(b) of Title 11, United States Code, is amended—

  (1) ...

  (2) by adding at the end thereof the following:

    "(12) ...

    "(13) under subsection (a) of this section, after the date which is 90 days after the filing of such petition, of the commencement or continuation, and conclusion to the entry of final judgment, of an action which involves a debtor subject to reorganization pursuant to Chapter 11 of this title and which was brought by the Secretary of Commerce under the Ship Mortgage Act, 1920, (46 App. U.S.C. 911, et seq.) (including distribution of any proceeds of sale) to foreclose a preferred ship or fleet mortgage in a vessel or a mortgage, deed of trust, or other security interest in a fishing facility held by the Secretary of Commerce under section 207 or Title XI of the Merchant Marine Act, 1936 ....

(b) The amendments made by subsection (a) of this section shall apply only to petitions filed under Section 362 of Title 11, United States Code, which are made after August 1, 1986.

statute itself (see note 1 *supra*) which provides that paragraph (13) "shall only apply to *petitions filed under Section 362* of Title 11, United States Code, which are made after August 1, 1986." Pub.L. No. 99–509, Section 5001(b)(1986) (emphasis added). This language implies that a motion for relief under Section 362 is necessary before the exception applies.

The issue before the Court is whether a motion is required to invoke the Section 362(b)(13) exception to the automatic stay imposed by 11 U.S.C. § 362(a). The United States argues a motion is unnecessary because Section 362(b)(13) is a self-executing, automatic exception to the operation of the stay. The Debtor argues not only must a motion be filed, but the movant must prove a case under Section 362(d)[2] in order to prevail.

The confusing language of the statute has been criticized in at least two cases. See *In re Prudential Lines, Inc.*, 69 B.R. 439, 445 (Bankr.S.D.N.Y.1987); *In re McLean Industries*, 74 B.R. 589, 600 (Bankr. S.D.N.Y.1987). In *Prudential*, the Court thoroughly analyzed the legislative history behind Section 362(b)(12) and based thereon, ultimately determined no motion was required to invoke the exception. The Court determined the reference in Section 5001(b) to "petitions filed under Section 362(b) of Title 11" should be read to mean "petitions filed under Section 301, 302 or 303 of Title 11" because such is more logical. Similarly, in *In re ML Barge Pool VII Partners Series A,* 71 B.R. 161 (Bankr.E. D.Mo.1987), the Court noted no motion is required to effect the dissolution of the stay under Section 362(b)(12), although the issue was not discussed at length.

It is established, the starting point for interpreting a statute is the language of the statute itself, and absent a clearly expressed legislative intent to the contrary, that language is conclusive. *Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). This Court has reviewed the legislative history of the law in issue, and, while it is apparent Congress wanted to carve the exception which emerged, it is not clear whether that exception was intended to be automatic, or whether a motion for relief was contemplated.[3] Absent clear legislative intent to the contrary, the Court will look strictly to the language of the statute.

Although it is conceivable, and perhaps more logical, Congress intended the exception be automatic, it is also conceivable that Congress intended a motion be filed under Section 362 before relief from the stay could be obtained. Since the statute clearly states a petition must be filed under Section 362 of Title 11, this Court must construe the wording to mean a motion for relief must be filed invoking the Section 362(b)(13) exception. "Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement." *Badaracco v. C.I.R.*, 464 U.S. 386, 398, 104 S.Ct. 756, 764, 78 L.Ed.2d 549 (1984). Nor should Courts preempt congressional action by judicially decreeing what accords with common sense. *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 195, 98 S.Ct. 2279, 2302, 57 L.Ed.2d 117 (1978).

Having made this determination, the Court rejects the argument of the United

---

**2.** Section 362(d) provides as follows:
(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
(2) with respect to a stay of an act against property under subsection (a) of this section, if any—
(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.
11 U.S.C. § 362(d).

**3.** The Court notes that the statute in question, which substantively amends the Bankruptcy Code, was a product, not of the Judiciary Committees of the Congress, which traditionally have jurisdiction for legislation affecting Title 11 of the United States Code, but of the Budget Committees. This may explain the abstruse wording of the law and its lack of coalescence with the rest of Section 362.

States that paragraph (13) is a self-executing exception. On the other hand, the Court also must reject the Debtor's argument that the movant must prove a case under Section 362(d). It is the conclusion of the Court, a movant for relief under Section 362(b)(13) must prove only that 90 days have elapsed since the petition in bankruptcy was filed, and the Secretary of Commerce seeks to foreclose either a preferred ship or fleet mortgage in a vessel or a mortgage in a fishing facility. In the present case, this burden has been met.

Based on the foregoing, the motion for relief from the automatic stay filed by the United States is due to be granted.

### ORDER

It is hereby ORDERED, ADJUDGED and DECREED that the Motion of the United States for relief from the automatic stay be, and hereby is GRANTED; and it is further

ORDERED, ADJUDGED and DECREED that the stay imposed by virtue of 11 U.S.C. § 362 is hereby DISSOLVED insofar as it applies to the F/V John Gregory.