**In re WILLBET ENTERPRISES, INC., Debtor.**

**Bankruptcy No. 83-01365K.**

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 3, 1984.

Jack A. Meyerson, Philadelphia, Pa., for William Rush.

Aaron Jay Beyer, Philadelphia, Pa., for Creditors' Committee.

William Schaps, Philadelphia, Pa., Interim Trustee.

Melvin Lashner, Edward J. DiDonato, Philadelphia, Pa., for interim trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

In this Chapter 7 case, William Rush ("movant") has moved the Court to reconsider our Order of May 31, 1984, authorizing the committee of creditors to employ independent counsel. Upon review of the appropriate provisions of the Bankruptcy Code, we find that there is no provision for compensating or reimbursing the expenses of counsel to a creditors' committee under Chapter 7 of the Code. Therefore, we will enter an Order granting the motion for reconsideration and vacating the Order authorizing the committee to employ Aaron Jay Beyer, Esquire, of Meltzer and Schiffrin, as counsel.

## FACTS

The relevant facts in order of sequence are as follows:[1] On March 31, 1983, creditors of Willbet Enterprises ("debtor") filed an involuntary petition under Chapter 7 of the Code. 11 U.S.C. § 303. Subsequently, William Schaps was appointed as Interim Trustee.

On March 24, 1984, a committee of creditors ("Committee") was appointed to consult with and make recommendations to the Trustee.[2]

On May 29, 1984, the Committee applied to the Court for authority to employ Aaron Jay Beyer, Esquire, of Meltzer & Schiffrin, as counsel to the Committee. The statuto-

---

**1.** This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

**2.** Section 705 provides:
§ 705. Creditors' committee
(a) At the meeting under section 341(a) of this title, creditors that may vote for a trustee under section 702(a) of this title may elect a committee of not fewer than three, and not more than eleven, creditors, each of whom holds an allowable unsecured claim of a kind entitled to distribution under section 726(a)(2) of this title.
(b) A committee elected under subsection (a) of this section may consult with the trustee in connection with the administration of the estate, make recommendations to the trustee respecting the performance of the trustee's duties, and submit to the court any question affecting the administration of the estate.

ry authority cited was section 105(a) which vests the Court with broad equitable powers to issue any order, process, or judgment necessary to carry out the provisions of Title 11.

On May 31, 1984, we granted the Committee's application to employ Mr. Beyer of Meltzer & Schiffrin, as counsel to the Committee.

On June 8, 1984, movant, William Rush, the principal and former Chief Executive Officer of the debtor, filed a motion for reconsideration of our May 31, 1984 Order.

The movant is a defendant in two (2) securities actions pending before the United States District Court for the Eastern District of Pennsylvania.[3] The other defendants are the debtor corporation, a corporation known as State Financial Corporation, and the officers, directors and certain shareholders of both corporations. The plaintiffs are purchasers and holders of debt securities of the two (2) corporations. A majority of the creditors of this estate and all the creditors on the Committee are plaintiffs in the securities actions.

The complaints allege violations of the Securities Act of 1933, the Securities and Exchange Act of 1934, the Racketeer Influences and Corrupt Organizations Act, common law fraud and conspiracy, negligent misrepresentation, breach of fiduciary duty and fraudulent conveyance.

Counsel for the plaintiffs in both of the securities actions is Meltzer & Schiffrin.

The appointment of Mr. Beyer of Meltzer & Schiffrin to represent the Committee of creditors in this case is strongly supported by the Trustee. In an *amicus curiae* brief filed in support of Mr. Beyer's retention as counsel to the Committee, the Trustee states his reasons for opposing reconsideration of our Order:

"This proceeding is an atypical Chapter 7 liquidation. Rather, it involves complex securities issues involving [an] intricate network of inter-related companies that allegedly used fraudulent conduct to in-

duce creditors to lend well in excess of One Million Dollars to the Debtor.... The complexity and extent of the alleged fraud, the existence of the related securities actions, and the fact that there existed no assets in the estate at the commencement of these proceedings, has convinced the Trustee and his counsel that great efforts must be made to track down and recover the assets of the Debtor, which, at one time, were rather significant....

The Trustee and his counsel have recognized the need for an *active Creditors' Committee* to help with the litigation and evaluate any settlement made by the Trustee prior to submission to the Court. To accomplish this task, it will be necessary for the Committee to investigate the acts, conduct, assets, liabilities, and financial condition of the Debtor. *In order for the Committee to be effective, it needs independent counsel.*" (emphasis added)

## DISCUSSION

When we entered the May 31st Order, we acted under the mistaken impression that this was a Chapter 11 case. In cases under Chapter 11 of the Code, a duly appointed committee of creditors under 11 U.S.C. § 1102 may select and employ attorneys, accountants or other agents, with the Court's approval, to represent or perform services for the committee. 11 U.S.C. § 1103(a). Section 328 of the Code provides for the allowance of compensation to an attorney representing a creditors' committee in a Chapter 11 case:

§ 328. Limitation on compensation of professional persons

(a) *The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title*, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on

---

**3.** *Alloy et al v. Miller et al,* filed September 30, 1983, Civil Action No. 83–4780; *Alloy et al v.*

*Willbet Enterprises, Inc.,* filed November 10, 1983, Civil Action No. 83–5473.

an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments unanticipatable at the time of the fixing of such terms and conditions. (emphasis added)

Similarly, the trustee, with the court's approval, may employ one or more attorneys, etc., to represent or assist the trustee in carrying out the trustee's duties. 11 U.S.C. § 327(a). Compensation for an attorney representing the trustee is also provided for in section 328.

There is no equivalent provision in the Code for either the employment of or compensation of counsel to a creditors' committee in Chapter 7 cases.

Presumably, the Committee in this case is acting under the authority of section 705 of the Code which applies to Chapter 7 cases.[4]

Section 705 provides:

§ 705. Creditors' committee

(a) At the meeting under section 341(a) of this title, creditors that may vote for a trustee under section 702(a) of this title may elect a committee of not fewer than three, and not more than eleven, creditors, each of whom holds an allowable unsecured claim of a kind entitled to distribution under section 726(a)(2) of this title.

(b) A committee elected under subsection (a) of this section may consult with the trustee in connection with the administration of the estate, make recommendations to the trustee respecting the performance of the trustee's duties, and submit to the court any question affecting the administration of the estate.

The absence of a provision in section 705 for compensation or reimbursement of *counsel* to a committee of creditors in a Chapter 7 case was expressly noted by the Senate Committee on the Judiciary:

"This section is derived from section 44b of the Bankruptcy Act (former section 72(b) of this title) without substantial change. It permits election by general unsecured creditors of a committee of not fewer than 3 members and not more than 11 members to consult with the trustee in connection with the administration of the estate, to make recommendations to the trustee respecting the performance of his duties, and to submit to the court any question affecting the administration of the estate. *There is no provision for compensation or reimbursement of its counsel.*"

Notes of Committee on Judiciary, Senate Report No. 95–989, U.S.Code Cong. & Admin.News 1978, p. 5787.

In view of the statutory language cited above, including sections 1103, 705 and 328, the logical conclusion is that Congress intended to limit the authority of a bankruptcy court to allow compensation to professional persons to only those persons employed by a trustee or creditors' committee in a Chapter 11 case.

The Trustee and Meltzer & Schiffrin urge the Court to resort to its powers under § 105(a) to carve out an exception in this case. Although we recognize the need for the committee of creditors to be represented by counsel in this case, we are not persuaded that § 105(a) can be used as a tool to vary the clear intent of Congress. That intent, as we interpret it, is not to allow compensation from the estate to an attorney representing a committee of creditors in a Chapter 7 case.

As Bankruptcy Judge Young appropriately pointed out when asked to circumvent the statutory language of § 362(e):

---

4. Upon examination of the record in this case, it appears that the Court appointed a committee of the seven (7) largest unsecured creditors on March 26, 1984 after a list of the ten (10) largest unsecured creditors was filed with the Clerk of the Court. These seven (7) creditors accepted appointment to the Committee on April 3rd, 4th, and 5th. No one objected to the Court's Order appointing the Committee although clearly it was a mistake since § 705 does not require Court approval of the committee members elected under § 705(a).

"... it is my ultimate conclusion that this Court cannot vary the operation of the Code through recourse to § 105(a)... In extraordinary circumstances the equitable powers of this Court may be utilized to prevent injury or correct errors, but nullification of the stay termination resulting from the operation of § 362(e) is not one of them."

*In re Wood,* 33 B.R. 320, 322 (Bankr.D.Idaho 1983).

In an earlier decision by the same court, Judge Young stated:

"I cannot utilize the general grant of the powers of a court of equity to authorize the debtor in possession to do something which Congress has expressly considered and limited. Indeed, § 105(a) provides 'the bankruptcy court may issue any order, process, or judgment that is necessary or appropriate *to carry out the provisions of this title.'* " (emphasis in original)

*Cramer v. Markee,* (In re Markee) 31 B.R. 429, 431 (Bankr.D.Idaho 1983).

Thus, we conclude that our May 31st Order authorizing the employment of Mr. Beyer of Meltzer & Schiffrin was entered in error without statutory authority and must be vacated. While we are understandably reluctant to do so in light of the arguments of the Trustee in favor of retaining Meltzer & Schiffrin in this case, it would be a grave error on our part to allow Meltzer & Schiffrin to continue acting as counsel to the Committee with no possibility of receiving compensation for services performed.

Although we have decided to grant reconsideration of our Order appointing Melt-

zer & Schiffrin as counsel to the Committee in this case, we recognize the desire on the part of the Trustee to confer with Meltzer & Schiffrin concerning developments in this case and the ability of Meltzer & Schiffrin to make a positive contribution to the administration of the estate. Therefore, we suggest that the Trustee may consider applying to this Court for the appointment of Meltzer & Schiffrin as special counsel to the Trustee, or in the alternative, for the members of the Committee to consider the appropriateness of an application for allowance of administrative expenses under § 503(b)(3)(B), (C) and (b)(4) of the Code.[5]

---

5. 11 U.S.C. § 503 provides in pertinent part:

"(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection incurred by—

(B) a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor;

(C) a creditor in connection with the prosecution of a criminal offense relating to the case, or to the business or property of the debtor;

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant."