HUG, Circuit Judge:
 

 The primary issue presented on appeal is a narrow one. We are called upon to decide whether a bankruptcy court is authorized, in a Chapter 7 proceeding, to obligate debtor estates for the legal expenses incurred by a creditors’ committee. We affirm the district court’s order holding that such expenses are not authorized.
 

 I.
 

 Involuntary petitions were filed on February 13, 1984 against the above-captioned debtors. On May 8,1984, a creditors’ committee, generally known as the J. David Creditors’ Committee (“Creditors’ Commit
 
 *585
 
 tee”), was formed. On October 18, 1984, the Creditors’ Committee submitted its Application for Order Approving Employment of Richard Wildman as Attorney for the J. David Creditors’ Committee (“Application”). The bankruptcy court entered an order on October 30, 1984. The order reads, in its entirety, as follows:
 

 IT IS HEREBY ORDERED, that the J. David Creditors Committee is authorized to employ Richard Wildman as counsel to the J. David Creditors Committee in connection with the instant action and related actions,
 
 with compensation to be at the expense of the estates
 
 if after noticed hearing that is deemed appropriate in such an amount as the Court may hereinafter allow.
 

 (Emphasis added.) The phrase “if after noticed hearing that is deemed appropriate” was a handwritten insertion by the bankruptcy judge. The Trustee was not afforded an opportunity to submit his position with respect to the Application.
 

 The Trustee appealed to the district court, which held that the bankruptcy court’s order authorizing the Creditors’ Committee to employ counsel at the expense of the debtor estates was in error and without statutory authority. The district court’s judgment vacating the bankruptcy court’s order was entered on June 6, 1985.
 

 II.
 

 Because this court is in as good a position as the district court to review the findings of the bankruptcy court, it independently reviews the bankruptcy court's decision.
 
 Matter of Pizza of Hawaii, Inc.,
 
 761 F.2d 1374, 1377 (9th Cir.1985). This court reviews the bankruptcy court’s findings of fact under the clearly erroneous standard, and its conclusions of law
 
 de novo. Id.
 

 The primary issue on appeal pertains to whether the bankruptcy court is authorized to obligate the debtor estates for the legal expenses incurred by counsel for a creditors’ committee. A second, subsidiary issue involves the prudential concern of ripeness, which we will discuss first.
 

 The Creditors’ Committee argues that the issue of the propriety of the bankruptcy court order is not ripe at this time because their counsel, Mr. Wildman, has not asked either the bankruptcy court or the Creditors’ Committee for fees. The Trustee, however, takes the position that the matter is ripe for adjudication because the order concerns employment as well as reimbursement. The Trustee also argues that there are equitable considerations that favor immediate resolution of the matter.
 

 The district court held that the matters of employment and compensation are inextricably intertwined. The district court found the matter ripe for three reasons: (1) the only conceivable purpose for seeking this order was to lay the ground work for later court approval of payment of counsel’s fees by the estates; (2) Mr. Wildman stated that he intended to apply for payment for hours already incurred; and (3) in the interest of fairness to all parties involved, in particular Mr. Wildman, resolution of this issue was ripe, since Mr. Wild-man was entitled to know whether he would be paid for the work he had already done or would soon commence.
 

 The question of ripeness turns on “ ‘the fitness of the issues for judicial decision “and” the hardship to the parties of withholding court consideration.’ ”
 
 Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Commission,
 
 461 U.S. 190, 201, 103 S.Ct. 1713, 1720, 75 L.Ed.2d 752 (1983) (quoting
 
 Abbott Laboratories v. Gardner,
 
 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967)). Both of these factors counsel in favor of judicial resolution of the compensation issue at this time. The express language of the bankruptcy judge’s order does not unconditionally order compensation at the expense of the estates because, prior to entry, he added the handwritten insertion, “if after noticed hearing that is deemed appropriate.” Although it can be argued that the bankruptcy judge has not made a final determination that compensa
 
 *586
 
 tion will be allowable from the bankruptcy estates, the implication is clear that such compensation could be awarded in the discretion of the bankruptcy judge. As the district judge noted, there is no reason to apply to the court for authorization of a creditor’s committee to employ an attorney, other than to seek compensation from the estates. The Creditors’ Committee could obviously employ and compensate an attorney on its own. The whole purpose of the application was to seek compensation out of the estates. The order granting the application for employment of an attorney implicitly indicates that such compensation can be awarded; otherwise, there is no purpose to the order. Without a resolution of the question of compensation at this time, continuing legal services will be provided without a clear understanding as to whether the attorney will be compensated and, if so, by whom. It is obvious that hardship to either the attorney or the estates is a likely result. We therefore find that the matter is ripe for review on appeal at this time.
 

 We now turn to the question of whether a bankruptcy court may impose liability upon debtor estates for the legal representation costs of the Creditors’ Committee in a Chapter 7 proceeding. The district court ruled that there are no provisions in the Bankruptcy Code or the Rules of Bankruptcy Procedure for the compensation of a creditors’ committee’s counsel in a Chapter 7 proceeding.
 

 We agree with the district court’s conclusion. There is no provision in 11 U.S.C. § 705 (1982), the applicable statute in Chapter 7 cases, for compensation of a creditors’ committee counsel. The legislative history of section 705 confirms that the omission of a compensation provision for a Chapter 7 creditors’ committee attorney was intentional. When enacting section 705 of the Bankruptcy Reform Act of 1978, the Senate Committee on the Judiciary expressly noted that there is “no provision for compensation or reimbursement of [the Creditors’ Committee] counsel.” Notes of Committee on Judiciary, S.Rep. No. 989, 95th Cong., 2d Sess. 94
 
 reprinted in
 
 1978 U.S. Code Cong. & Ad.News, 5787, 5880.
 

 When faced with this precise issue, one bankruptcy court decision,
 
 In re Willbet Enterprises, Inc.,
 
 43 B.R. 90 (E.D.Pa.1984), reached the same conclusion as the district court. The court in
 
 Willbet
 
 found that Congress allowed compensation to professional persons employed by a trustee or creditors’ committee only in a Chapter 11 case.
 
 Id.
 
 at 92. Additionally, the court in
 
 Willbet
 
 rejected the argument that it could authorize employment of a creditors’ committee counsel by utilizing the court’s broad equitable powers. The court held that it could not use general equitable powers to authorize something which Congress had explicitly considered and limited.
 
 Id.
 
 at 92-93, (quoting
 
 In re Wood,
 
 33 B.R. 320, 322 (D.Idaho 1983)).
 

 There is nothing in the express language of the statute that authorizes the bankruptcy court to encumber debtor estates in a Chapter 7 case with the expense of providing counsel to a creditors’ committee. The legislative history indicates that this omission was intentional. Therefore, we hold that the order of the bankruptcy court was unauthorized, and we affirm the order of the district court.
 

 AFFIRMED.