**In re B. Durward HOWES, Debtor.**

**IMPERIAL BANK, Appellant,**

v.

**Davis T. PILLSBURY, Cynthia M. Howes, Appellees.**

**Bankruptcy No. LA 86–09248 SB.**
**BAP No. CC–87–2058 VPMe.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Aug. 10, 1988.

---

Gary Owen Caris, Frandzel & Share, Los Angeles, Cal., for appellant.

Arnold L. Kupetz, Sulmeyer, Kupetz, Baumann & Rothman, Los Angeles, Cal., for appellees.

## OPINION

Before VOLINN, PERRIS and MEYERS, Bankruptcy Judges.

VOLINN, Bankruptcy Judge.

Imperial Bank, a creditor with a judgment lien against debtor's residence, appeals the bankruptcy court's "Order Granting Application to Enter into New Early Possession Agreement and to Modify Consulting Agreement" ("the Order"). The dispute concerns the proper classification and disposition of $50,000 to be paid to the debtor and his non-debtor spouse by the purchasers of their home for surrender of the residence before a certain date.

## FACTS

Debtor B. Durward Howes is a Chapter 11 debtor in possession. He is not a party to the appeal, but his non-debtor spouse, Cynthia Howes, is one of the appellees. On January 27, 1987, debtor applied to the court for authorization to sell the estate's community property one-half interest in the Howes' residence to appellee Davis Pillsbury. The proposed sale of the estate's one-half interest and Cynthia Howe's one-half interest provided for payment of $1,400,000 cash. An "early surrender" agreement, executed at about the same time as the sale agreement, provided that debtor and his spouse could occupy the property for up to one year from the date of closing rent-free, with the buyer to pay utilities, insurance, property taxes, maintenance and landscaping of the property at no expense to the debtor. In addition, if debtor vacated and surrendered the premises to the Pillsburys by September 1, 1987, the purchaser would pay $50,000 to debtor's spouse as consideration for early possession. The bankruptcy court approved the sale, and in the order approving the sale, stated that any funds received by the debtor's spouse as a premium for early surrender of the premises were to be deposited in a trust account to be deemed held in constructive custody of the court, pending further order of the court.

On September 1, 1987, the expiration date of the original early surrender agreement, the purchaser applied to the bankruptcy court for approval to enter into a new early surrender agreement, whereby he would pay $50,000 directly to debtor's spouse if debtor and his spouse vacated the premises by September 4, 1987. Pillsbury proposed to pay the $50,000 as follows:

$15,000 to the company that would be moving the Howes out of their residence and $35,000 to the Huntington Sheraton Hotel for one year's advance rent for debtor and his spouse.

The court granted Pillsbury's application: he was entitled to enter into a new early possession agreement with debtor and his spouse pursuant to which Pillsbury would pay the Howes $50,000 if they vacated the property by September 4, 1987; Pillsbury was to make the payment directly to the debtor and his wife; and the $50,000 was to be received by debtor in his fiduciary capacity as debtor in possession. The Order stated that it was entered without prejudice to Imperial Bank and other judgment lien creditors bringing any matter before the court, whether by adversary proceeding or otherwise, with respect to the propriety of the purposes to which debtor and his spouse may put the $50,000. Imperial Bank appeals the entry of that order. Appellees are Cynthia Howes, debtor's spouse, and Davis Pillsbury, the purchaser.

### DISCUSSION

The appellees contend that issues raised by the appellant are not ripe for review. The bankruptcy court in the Order did not award the $50,000 payment to the Howes; it merely stated that the money was to be paid to the debtor in his fiduciary capacity as a debtor in possession. The court invited the appellant and other creditors to bring on a matter before the court to determine the propriety of the purposes to which the debtor and his spouse could put the money. Appellees emphasize that the court never resolved the issue of who was entitled to the money under the early possession agreement; it only determined that the Pillsburys could enter into the second early possession agreement.

■■■ We agree that the appeal is not ripe and should be dismissed. The question of ripeness goes to the appellate court's subject matter jurisdiction to hear the case. *Shelter Creek Dev. Corp. v. City*

of Oxnard, 838 F.2d 375, 377 (9th Cir.1988). The central concern of the ripeness doctrine is that the case involves uncertain and contingent future events that may not occur as anticipated, or indeed, may not occur at all. *Metzenbaum v. Fed. Energy Regulatory Comm'n*, 675 F.2d 1282, 1289–90 (D.C.Cir.1982). The question of ripeness turns on the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. *Pacific Gas & Electric Co. v. State Energy Resources Conservation & Dev. Comm'n*, 461 U.S. 190, 201, 103 S.Ct. 1713, 1720, 75 L.Ed.2d 752 (1983); *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967); *In re Dominelli*, 788 F.2d 584, 585 (9th Cir.1986).

■■ In this appeal, Imperial Bank challenges the propriety of the $50,000 payment to debtor and his spouse on the theory that the $50,000 represents proceeds from the sale of its collateral to which its lien should attach. Imperial Bank contends that the appeal is ripe because the Order represents an implicit acknowledgment that the debtor and his spouse may spend the money free and clear of creditors' liens, without providing adequate protection to the secured creditors, in violation of the court's prior sale order and 11 U.S.C. § 363(o).[1]

We conclude that the Order is explicit and states that the $50,000 shall be received by the debtor in his fiduciary capacity as debtor in possession, and that the entry of the Order is without prejudice to Imperial Bank bringing any matter before the bankruptcy court, whether by adversary proceeding or otherwise, with respect to the propriety of the uses to which debtor and his wife may put the $50,000. The gravamen of Imperial Bank's complaint is that debtor will breach his duties as a fiduciary. However, that is only speculation and has no grounding in the record. Thus, the appeal arises from what is now a hypothetical set of facts. In addition, the case is not suitable for appellate review

---

**1.** 11 U.S.C. § 363(o) addresses the burden of proof under section 363 of the Bankruptcy Code.

because Imperial Bank did not avail itself of the invitation to bring on a matter in bankruptcy court to determine the propriety of the debtor's application of the $50,000 payment. Imperial Bank will not suffer great hardship by our dismissal of this appeal because it has an avenue for relief yet available in the bankruptcy court.

The appeal is dismissed.