## In re Richard D. WOOD and Ann Wood, Debtors.

## David Wesley JONES and Mina Ellen Jones, husband and wife; and Franklin Dwight Jones and Delores Mary Jones, husband and wife, Plaintiffs,

### v.

## Richard D. WOOD and Ann Wood, husband and wife, Defendants.

### Adv. No. 83–0417.

United States Bankruptcy Court, D. Idaho.

Sept. 23, 1983.

Earl Blower of Petersen, Moss, Olsen, Meacham & Carr, Idaho Falls, Idaho, for plaintiffs.

Franklin N. Smith, Jr. of Albaugh, Smith, Pike, Smith & Anderson, Idaho Falls, Idaho, for defendants.

## MEMORANDUM DECISION AND ORDER DENYING PRELIMINARY INJUNCTION

M.S. YOUNG, Bankruptcy Judge.

Plaintiff filed the instant action seeking relief from the § 362(a) stay. No order of the Court was issued following preliminary hearing within the 30 days following service of the request for relief, thus § 362(e)[1] has operated according to its terms and the stay has been terminated.

Defendants have filed a "Motion for Preliminary Injunction or to Reinstate Automatic Stay Order", stating:

1. Section 362(e) provides in pertinent part:
   "(e). Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending, or as a result of, a final hearing and determination under subsection (d) of this section...."

2. Defendant has also moved to dismiss the complaint, apparently under F.R.C.P. 12(b)(6),

"Now come the defendants Richard D. Wood and Shirley Ann Wood, debtors-in-possession, and apply to the Court for a preliminary injunction, or alternatively, for an order reinstating the Automatic Stay Order as to plaintiffs' claims, upon the grounds that plaintiffs' continued enforcement of their suit in state court would result in irreparable injury, loss or damage to defendants, and would cause a certain failure of their reorganization efforts under Chapter 11 of the Bankruptcy Code.

The defendants failed to make a timely request for a preliminary hearing, pursuant to 11 U.S.C. § 362(a) [sic], due to inadvertance on the part of their counsel and they should not be denied one meaningful opportunity to effect a successful plan of reorganization on that account; defendants are in a position to provide adequate protection to plaintiffs, subject to approval of the Court, and to thereafter initiate a workable plan of reorganization for the benefit of their secured and unsecured creditors.

This motion is made pursuant to 11 U.S.C. § 105(a) and Rule 65 of the Federal Rules of Civil Procedure made applicable to these proceedings by Rule 765 of the Rules of Bankruptcy Procedure."

The matter is presently before the Court upon this motion.[2]

I find no authorization, statutory or otherwise, for "reinstitution" of the § 362(a) stay which arises upon the filing of a petition for relief under the Code. That stay is automatic, and not dependent upon "order" of the Court. It arises by operation of statutory law and, if § 362(e) applies, is

incorporated by Bankruptcy Rule 7012, on the ground that no claim has been stated due to the failure of plaintiff to allege this Court's jurisdiction under Bankruptcy Rule 7008(a). Considering that the complaint pleads facts which would bring the action within this Court's jurisdiction, and since such motions to dismiss are not favored and amendment would ordinarily be allowed to cure the omission, the motion will be denied. See generally Moore's Manual, Federal Practice and Procedure, §§ 10.04 and 11.06 and cases cited therein.

terminated by operation of law. It is, in my opinion, beyond the power of this Court to recall or recreate. Thus, there is no stay "order" which may be "reinstated."

Section 362(e) is a specific provision enacted by Congress for the purpose of providing a special protection and a speedy remedy to secured creditors. It was the result of perceived abuses under the 1898 Act.[3] The section's operation is clear and unambiguous, and compliance therewith achieves the dual purposes of debtor protection and creditor relief.

Defendants by their motion seek a judicial modification of the requirements and operation of this statute. I am aware that some courts have held that, in situations analogous to that presented here where the debtor in possession failed to avail itself of its right to demand a hearing for the purpose of obtaining an order continuing the stay in effect, the court can nevertheless grant the debtor a second chance.[4] I must respectfully disagree with the rationale of those decisions.

The issue is whether a Bankruptcy Court can, in the exercise of its equitable powers, nullify the express provisions and the clear import of § 362(d) and (e) upon the sole ground that the debtor through oversight or neglect failed to obtain an order continuing the stay in effect. I conclude that it cannot. To do so is to judicially legislate and avoid clear and expressly stated congressional intent. In addition, the effect of such decisions is to create uncertainty in the operation of § 362(e) and invite further litigation.

Even though such a result may be harsh in a particular case, the competing interests of the parties cannot be ignored. The creditor affirmatively sought relief from the stay in accord with the Code and applicable rules. Notice was given to defendants of the relief sought and defendants were specifically placed on notice of operation of § 362(e) through an attachment to the summons[5] which the record reflects was served. In such a situation, the right of creditors such as plaintiffs to rely upon the express provisions of the Code must be considered as well as defendants' desire to reorganize their affairs.

Thus, it is my ultimate conclusion that this Court cannot vary the operation of the Code through recourse to § 105(a). As I

---

**3.** "Subsection (e) provides a protection for secured creditors that is not available under present law. The subsection sets a time certain within which the bankruptcy court must rule on the adequacy of protection provided of the secured creditor's interest. If the court does not rule within 30 days from a request for relief from the stay, the stay is automatically terminated with respect to the property in question. In order to accommodate more complex cases, the subsection permits the court to make a preliminary ruling after a preliminary hearing. After a preliminary hearing, the court may continue the stay only if there is a reasonable likelihood that the party opposing relief from the stay will prevail at the final hearing. Because the stay is essentially an injunction, the three stages of the stay may be analogized to the three stages of an injunction. The filing of the petition which gives rise to the automatic stay is similar to a temporary restraining order. The preliminary hearing is similar to the hearing on a preliminary injunction, and the final hearing and order is similar to a permanent injunction. The main difference lies in which party must bring the issue before the court. While in the injunction setting, the party seeking the injunction must prosecute the action, in proceedings for relief from the automatic stay, the enjoined party must move. The difference does not, however, shift the burden of proof. Subsection (g) leaves that burden on the party opposing relief from the stay (that is, on the party seeking continuance of the injunction) on the issue of adequate protection." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 344 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6300.

**4.** See e.g., *In re Brusich & St. Pedro Jewelers, Inc.,* 28 B.R. 545 (Bkrtcy.E.D.Pa.1983); *In re Prime,* 26 B.R. 556, 7 CBC2d 1283 (Bkrtcy.W.D. Mo.1983); *In re Durkalec,* 21 B.R. 618 (Bkrtcy. E.D.Pa.1982); *In re Kleinsasser,* 12 B.R. 452, 4 CBC2d 1185, 7 BCD 1275 (Bkrtcy.D.S.D.1981); *Memphis Bank & Trust Co. v. Brooks,* 10 B.R. 306, 7 BCD 290 (D.W.D.Tenn.1981); *In re Walker,* 3 B.R. 213, 6 BCD 161 (Bkrtcy.W.D. Va.1980).

**5.** "Pursuant to 11 U.S.C. § 362(e), the stay of 11 U.S.C. § 362(a) will be vacated 30 days from the date of service of this summons and complaint unless the Court, after notice and hearing, orders such stay continued in effect pending a final hearing and determination under 11 U.S.C. § 362(d)."

stated in *Cramer v. Markee,* 31 B.R. 429 at 431, 83 IBCR 74, at 76 (Bkrtcy.D.Idaho 1983):

"I cannot utilize the general grant of the powers of a court of equity to authorize the debtor in possession to do something which Congress has expressly considered and limited. Indeed, § 105(a) provides 'the bankruptcy court may issue any order, process, or judgment that is necessary or appropriate *to carry out the provisions of this title.'*" [Emphasis in original].

In extraordinary circumstances the equitable powers of this Court may be utilized to prevent injury or correct errors, but nullification of the stay termination resulting from the operation of § 362(e) is not one of them.

The motion is therefore denied.