**In re FORSEEN, INC., an Illinois corporation, d/b/a Holiday Inn of Rolling Meadows, Debtor.**

**JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant,**

v.

**FORSEEN, INC., Appellee.**

**No. 87 C 7930.**

United States District Court, N.D. Illinois, E.D.

Dec. 24, 1987.

---

Robert K. Olendzki, Cynthia A. Bergmann, Wilson & McIlvaine, Chicago, Thomas J. Magill, for appellant.

John L. Flynn, Flynn, Murphy & Ryan, Chicago, for appellee.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Before the court is John Hancock Mutual Life Insurance Co.'s ("Hancock") appeal from three bankruptcy court decisions: 1) a July 27 order denying Hancock's Motion to Bar Experts, 2) an August 20, 1987 order and an August 27, 1987 order, both continuing the automatic stay.

### 1. *The July 27, 1987 Order*

This court will not grant Hancock leave to appeal the Bankruptcy Court's July 27, 1987 evidentiary ruling. *See* 28 U.S.C. § 158(a). The July 27, 1987 ruling is not final. Neither does it fit within the "collateral order" exception to the finality doctrine.

### 2. *The August 20, 1987 and August 27, 1987 Orders*

Hancock also appeals from the Bankruptcy Court's August 20, 1987 and August 27, 1987 decisions to continue the automatic stay. Hancock argues that, under 11 U.S.C. § 362 and Bankruptcy Rule 4001, the automatic stay expired in June, thirty days after Hancock filed its motion for relief from the automatic stay.

On May 26, 1987 Hancock moved for relief from the automatic stay. On June

25, 1987 the Bankruptcy Court held what Forseen contends was a preliminary hearing. At this hearing, the parties reported that they had not completed discovery related to Hancock's motion for relief. The Bankruptcy Court told both parties that they should draft a pretrial order prior to the final hearing. The Bankruptcy Court heard no evidence or arguments and made no findings.

■ This court has jurisdiction to review the Bankruptcy Court's August 20 and August 27 decisions under the collateral order doctrine set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See In re Looney*, 823 F.2d 788 (4th Cir.1987).

■ Under 11 U.S.C. § 362 the automatic stay terminated thirty days after Hancock filed its motion for relief. Section 362 provides that, unless the Bankruptcy Court "after notice and a hearing" continues the stay, the automatic stay is terminated thirty days after a request for relief is filed. The Bankruptcy Court should continue the stay pending the conclusion of the final hearing if there is a reasonable likelihood that the party opposing relief will ultimately prevail. Section 362 also provides that the Bankruptcy Court should commence a final hearing within thirty days of the conclusion of the preliminary hearing.

Before the Bankruptcy Court can continue the stay pending the final hearing, Section 362(e) requires "notice and a hearing," defined as "such notice as is appropriate and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A) (1986).

11 U.S.C. § 102(1)(A) (1986) thus allows a bankruptcy court in some circumstances to continue the stay without holding an actual hearing. But where, as in this case, the movant requests such a hearing and the facts are disputed, this court holds that a bankruptcy court should at least review the evidence (either at a live hearing or by reviewing the documents on file) before it continues the stay.

Moreover, even in those cases in which a bankruptcy court need not hold a hearing, before continuing the stay the court should find that the nonmovant will probably prevail. *In re Looney*, 823 F.2d 788, 792 (4th Cir.1987); *see also Matter of Boomgarden*, 780 F.2d 657, 662 (7th Cir.1985). There is no evidence that the Bankruptcy Court in the present case reviewed the evidence or found that there was a reasonable likelihood that Forseen would prevail at the conclusion of the final hearing. Thus, this court cannot conclude that the Bankruptcy Court's June 25, 1987 status constitutes a "preliminary hearing." *See In re Marine Power & Equipment Co., Inc.*, 71 B.R. 925, 928 (Bankr.W.D.Wash.1987).

■ Finally, on September 24, 1987 Hancock moved for sanctions because Forseen allegedly had not provided all the information requested in Hancock's Interrogatories and Requests to Produce.

28 U.S.C. § 158 provides this court with jurisdiction over certain bankruptcy appeals; it does not provide this court with jurisdiction over pretrial motions in bankruptcy cases. Even if this court had jurisdiction to decide Hancock's motion, it would decline to exercise it. The Bankruptcy Court, which supervised discovery in this case, is best able to adjudicate a motion for discovery abuse.

CONCLUSION

Hancock's appeal from the Bankruptcy Court's July 27, 1987 decision is DISMISSED.

The Bankruptcy Court's August 20 and August 27, 1987 decisions to continue the stay are REVERSED. Under 11 U.S.C. § 362 the automatic stay is lifted.