**In re Jacqueline Y. JONES, Debtor.**

**Bankruptcy No. 87–00804.**

United States Bankruptcy Court,
District of Columbia.

Aug. 15, 1988.

Nelson Kline, for debtor.

Richard F. Boddie, Capital City Corp., for creditor.

Jeffrey Tarkenton, Trustee.

## DECISION CONCERNING EXPIRATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. SEC. 362(e)

S. MARTIN TEEL, Jr., Bankruptcy Judge.

Capital City Corporation ("Movant") filed a motion seeking to modify the automatic stay of 11 U.S.C. Section 362(a) in order to enforce its security interest in Debtor's real property in the District of Columbia by way of foreclosure. A preliminary hearing was not held within 30 days of the filing of the motion. Movant contends that the automatic stay expired as a matter of law by reason of 11 U.S.C. Section 362(e).

The preliminary hearing on relief from the automatic stay was inadvertently scheduled beyond the 30–day period contemplated by Section 362(e). Neither party objected to the preliminary hearing date, and the 30–day period passed without the Court's considering the Movant's motion for relief from the automatic stay and the Debtor's likelihood of prevailing on the Section 362(d) issues.

Section 362(e) states in relevant part that "[t]hirty days after a request . . . for relief from the stay . . . such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect. . . ." This Court agrees with the courts that adhere to the clear language of the statute, as buttressed by its legislative history, and holds that the automatic stay expired 30 days after the filing and service of Movant's motion. *In re River Hills Apartments Fund*, 813 F.2d 702, 707 (5th Cir.1987); *In re Looney*, 823 F.2d 788, 792 (4th Cir.1987); *In re Forseen, Inc.*, 81 B.R. 903 (N.D.Ill.1987; *In re Marine Power & Equipment Co.*, 71 B.R. 925 (W.D.Wash. 1987); *In re Wood*, 33 B.R. 320, 322 (Bankr.Idaho 1983); *In re Sandmar Corp.*, 16 B.R. 120 (Bankr.D.N.Mex.1981). *Contra, In re Clark*, 69 B.R. 885 (Bankr.E.D. Pa.1987) (interpreting the phrases "after a request under subsection (d)" as requiring that there first be a hearing accorded the debtor).

The automatic stay thus terminated by virtue of Section 362(e) as to the foreclosure the Movant sought to undertake against Debtor's real property.[1]

Because the automatic stay expired, the Debtor's request that the stay be continued must be denied. An appropriate order is being entered.

---

1. While 11 U.S.C. Section 105(a) may give the Court the power to enter an injunction on independent grounds (*see In re River Hills Apartments Fund*, at 707), the procedures governing obtaining such an injunction differ (*see* Bankruptcy Rules 7001, 7003, and 7065) as may some of the burdens of proof (compare 11 U.S.C. Section 362(g)(1) with the general rule placing the burden of proof on the party seeking an injunction).