### In re WEDGEWOOD REALTY GROUP, LTD.

### WEDGEWOOD INVESTMENT FUND, LTD., Appellant,

v.

### WEDGEWOOD REALTY GROUP, LTD.

No. 89–5015.

United States Court of Appeals, Third Circuit.

Argued May 22, 1989.

Decided June 21, 1989.

Helen Davis Chaitman (argued), Janet S. Baer, Sean M. Sullivan, Ross & Hardies, Somerset, N.J., for appellant.

Thomas J. Demski (argued), Peter D. Morgenstern, Sills Cummis Zuckerman Radin Tischman Epstein & Gross, P.A., Newark, N.J., for appellee.

Before BECKER, STAPLETON, and ROSENN, Circuit Judges.

OPINION OF THE COURT

ROSENN, Circuit Judge.

Appellant, a secured creditor, claims that an automatic stay under the Bankruptcy Code terminated by operation of law as a result of the bankruptcy court's failure to issue an order continuing the stay within the requisite time periods specified in 11 U.S.C. § 362(e) (1979 & Supp.1989) and Bankruptcy Rule 4001(a)(2). The United States District Court to which the appellant initially appealed rejected this claim. Appellant then appealed to this court pursuant to 28 U.S.C.A. §§ 157, 158(d) (West Supp.1989). We reverse.

I.

Appellant, Wedgewood Investment Fund (WIF), holds two purchase money notes against the debtor, Wedgewood Realty Group, Ltd., in excess of $1,365,000, secured by purchase money second mortgages and security agreements on two parcels of land located in Hillsborough County, Florida (the Property). This Property constitutes the total assets of debtor. Subsequent to debtor's default on the two mortgages, WIF filed a foreclosure action in the Circuit Court of the 13th Judicial Circuit, Hillsborough County, Florida on June 3, 1988. On June 30, 1988, one day prior to the scheduled hearing on the foreclosure action, debtor filed a voluntary petition for relief under Chapter 11 of the Code, 11 U.S.C.A. § 1101, *et seq.* (West 1979), in the United States Bankruptcy Court for the District of New Jersey. Pursuant to 11 U.S.C.A. § 362(a), the filing of the Chapter 11 petition automatically stayed the state foreclosure action.

WIF subsequently filed a motion under 11 U.S.C.A. § 362(d) on July 20, 1988, seeking, inter alia, an order modifying the automatic stay to permit it to pursue its state foreclosure action against debtor. The hearing, originally set for August 15, 1988, was adjourned on several occasions at the request of both parties and, on one occasion, *sua sponte* by the court.

Eventually, the bankruptcy court conducted the hearing on September 27, 1988. At its conclusion, the court asked the parties whether they wanted to submit proposed findings of fact and conclusions of law, an offer which both parties declined. Specifically, counsel for WIF advised the court that she was "ready to shoot dice. If you would like me to sign off, I would be happy to. I know that your Honor is ... cognizant of our position. I sense that you know where we are coming from." Notwithstanding this statement, WIF agreed to submit the exhibits presented at the hearing to the court the following day.

The day following the hearing, WIF submitted a set of exhibits, which had been admitted into evidence, as requested. Accompanying the exhibits, counsel also submitted a letter which directed the court to specific portions of an enclosed transcript which presumably supported WIF's position.

On October 3, 1988, without solicitation from or leave of the court, WIF hand-delivered a second letter, purporting to bring a recent case to the attention of the court. In the three page letter, counsel not only argued that the new case was on point with the facts at hand, but also commented on the relevance of an earlier case and provided cites of several other cases in support of its position that the Chapter 11 bankruptcy stay should be dismissed as requested.

In response, debtor requested in a letter dated October 6, 1988, addressed to the court and copied to WIF, that the court grant it leave to prepare and submit a supplemental memorandum to address the arguments raised by WIF in its two letters. WIF concededly raised no objection to this request. The court apparently orally granted debtor's request, requiring a response on or before October 26, 1988. WIF claims that it was not apprised of the court's action in this respect until November 18, 1988.[1] Debtor filed its supplemen-

---

1. At oral argument, debtor's counsel informed this court that the bankruptcy judge, through his law clerk, telephoned counsel to grant debtor leave to file a response to WIF's letters.

Debtor does not dispute WIF's contentions that it was not a participant in this phone call, and that it was not aware of the court's action until after the response had been filed.

tal memorandum with the court on October 26, 1988, and forwarded a copy of its response to WIF.

On November 14, 1988, WIF notified the court that it considered the automatic stay to have terminated by operation of law because the court had failed to render any decision or to enter an order with respect to that stay within 30 days of the hearing as 11 U.S.C.A. § 362(e) and Bankruptcy Rule 4001(a)(2) require. The judge's law clerk responded by letter dated November 18, 1988, stating that, because of WIF's supplemental submissions, the court had granted debtor leave to file a response by October 26, 1988. The law clerk further stated that, by virtue of WIF's own actions, WIF had "effectively carried the hearing date until October 26, 1988, since the Court was without final submissions from all parties upon which to render a decision."

On November 23, 1988, the court denied WIF's motion for modification of the automatic stay. The court specifically stated that "having considered the moving papers, the testimony at the preliminary hearing commenced on September 27, 1988, the submissions dated September 28, 1988 and October 3, 1988 from the movant and October 26, 1988 from the debtor," it ordered that "the Automatic Stay provisions set forth in 11 U.S.C. Section 362(a) are continued in effect until further Order of this Court." On November 29, 1988, the court issued a memorandum in support of the order which addressed the merits of the denial of the stay.

The district court, on appeal by WIF, affirmed the bankruptcy court's decision. Specifically, the district court rejected WIF's contention that the automatic stay had expired by operation of law for failure to render any decision without 30 days of the hearing on September 27, 1988. The court found that the post-hearing submissions by WIF amounted to substantive comment to which debtor had a right to respond as a matter of due process of law and equity. The court further found that WIF was on notice of the continuance of the hearing by virtue of debtor's written request and WIF's failure to raise any objection until after the debtor had filed a response. Finally, the court decided, and WIF apparently agreed, that the thirty-day period did not begin to run until the hearing had concluded. Because the district court determined, over WIF's objections, that the hearing was necessarily continued by virtue of WIF's own submissions until October 26, 1988, it concluded that the bankruptcy court's order of November 23, 1988, was within the thirty-day period. The court, therefore, declined to hold that the stay had terminated by operation of law, and affirmed the bankruptcy court's denial of WIF's motion to modify the stay.

## II.

This case raises two related issues. First, whether the bankruptcy court order continuing the stay was issued within the time constraints set forth in 11 U.S.C.A. § 362(e) and Bankruptcy Rule 4001(a)(2). Second, assuming that the order was invalid, whether the bankruptcy court reimposed the stay as an injunction under the court's general equity powers pursuant to 11 U.S.C.A. § 105(a).

### A.

1. *Termination of the Automatic Stay.*

Section 362 of the Code serves to protect both the interests of the debtor and the unsecured creditors as well as the interests of the secured creditors. In the interest of the debtor and unsecured creditors, the filing of a bankruptcy petition under Chapter 11 generally results in the imposition of an automatic stay of judicial proceedings, including state foreclosure actions. 11 U.S.C.A. § 362(a). Thus, this stay prevents secured creditors from liquidating the assets of the debtor before the bankruptcy court has had an opportunity to review the matter. As Congress intended, "[t]he automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors." *Bankruptcy Reform Act of 1978*, S.Rep. No. 989, 95th Cong., 2d Sess. 54, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5840 ("Senate Report").

Section 362, however, also provides two significant statutory protections for secured creditors. First, under section 362(d), a secured creditor may request the bankruptcy court to grant it relief from the automatic stay by nullifying, terminating, modifying, or conditioning the stay. Second, to prevent unnecessary delays and adverse effects on the bankrupt estate's assets and the rights of secured creditors which had historically been occasioned by inaction of the bankruptcy courts, the Code also provides stringent time constraints in which a court must hold hearings and issue orders respecting the continuation of the automatic stay. 11 U.S.C.A. § 362(e) and Bankruptcy Rule 4001(a)(2). A violation of these time constraints results in automatic termination of the stay. 11 U.S.C.A. § 362(e) and Bankruptcy Rule 4001(a)(2); *see also Bankruptcy Reform Act of 1978*, H.Rep. No. 595, 95th Cong., 2d Sess. 344, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6300.

> Section 362(e) specifically provides that: Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be commenced not later than thirty days after the conclusion of such preliminary hearing.

11 U.S.C.A. § 362(e). Bankruptcy Rule 4001(a)(2) supplements the time limits set by section 362(e) for final hearings. That rule specifically provides:

> The stay of any act against property of the estate under Section 362(a) of the code expires 30 days after a final hearing is commenced pursuant to Section 362(e) unless before that time expires the court denies the motion for relief from the stay or, after notice and a hearing, orders the stay continued pending conclusion of the final hearing.

Fed.Bankr.Rule 4001(a)(2).

Like section 362(e), Bankruptcy Rule 4001(a)(2) is intended to insure that the automatic stay is not continued indefinitely merely due to the inaction of the court. "The court must affirmatively order the stay continued pending its final decision on the stay motion, taking responsibility for such continuation, and giving the moving party an order from which, possibly, to appeal if such continuation pending a final decision is not acceptable to that party." 8 *Collier on Bankruptcy* ¶ 4001.04 (15th ed. 1989).

Section 362(e) and Bankruptcy Rule 4001(a)(2) create a specific schedule, comprised of three thirty-day periods, which governs the timing of hearing and rulings respecting the continuation of the automatic stay. First, in accordance with the provisions of section 362(e), the court must hold a hearing concerning the status of the stay within thirty days after a request for relief from the stay is filed. Second, if that hearing is merely a preliminary hearing, then the court must issue a preliminary ruling at the conclusion of the hearing continuing the stay if there is a reasonable likelihood that the nonmovant will ultimately prevail, and must schedule a final hearing to be held within thirty days of the conclusion of the preliminary hearing. Failure either (1) to hold a hearing within thirty days of the filing of the request for relief, or (2) to issue an order continuing the stay and to schedule a final hearing within thirty days of the preliminary hearing, results in automatic termination of the stay. Bankruptcy Rule 4001(a)(2) provides the final thirty-day time period. Under that rule, the court must issue either an

order continuing the stay pending its final decision or a final decision within thirty days *after commencement* of the final hearing.

Here, the court failed to observe the stringent time constraints of section 362(e) and Bankruptcy Rule 4001(a)(2), resulting in termination of the automatic stay. These time constraints are an essential underpinning to the automatic stay provisions of the Code.

■ As a preliminary matter, we conclude that the hearing held on September 27, 1988, amounted to a final hearing notwithstanding the bankruptcy court's characterization of the hearing as "preliminary" in its subsequent order and opinion. Although the parties and the court may have initially considered the hearing to be only preliminary, that hearing effectively merged with the final hearing when both parties declined the court's offer to submit findings of fact and conclusions of law at the close of the hearing, and advised the court that they were prepared for the court to render a final ruling. The conclusion that the hearings were merged is buttressed by (1) the court's failure to issue a preliminary order at the completion of the hearing on September 27, 1988, (2) the court's failure to schedule a final hearing, and (3) the absence of any request by the parties for the court to schedule such a hearing, presumably because the parties, having nothing further to submit to the court, considered it a final hearing.

Because the hearing was a final hearing, it was incumbent on the court under Bankruptcy Rule 4001(a)(2) to continue the stay pending the issuance of its final decision, or to issue a final decision within thirty days after the commencement of the final hearing on September 27, 1988. The court, however, did not issue any order respecting the stay until November 23, 1988, more than thirty days after the hearing, in violation of the time constraints of Bankruptcy Rule 4001(a)(2). Consequently, the automatic stay terminated as of October 26, 1988, the date on which the court should have issued either an order continuing the stay or its final decision.

■ Even assuming, arguendo, that the hearing on September 27, 1988, amounted only to a preliminary hearing, as debtor contends, the court still failed to observe the time limitations of section 362(e). First, that section required the court to issue a preliminary ruling at the conclusion of that hearing. *See, e.g., In re Forseen,* 81 B.R. 903, 905 (N.D.Ill.1987). Although debtor argues that the hearing did not conclude until the submission of its response on October 26, we disagree. The memoranda submitted by both parties constituted legal argument only; they did not provide proposed findings of fact to the court. Therefore, the post-hearing submissions did not continue the hearing to October 26. Second, the court failed to hold a final hearing within 30 days of the alleged preliminary hearing, as section 362(e) requires. Because the court neither issued any ruling until November 23, 1988, nor held a final hearing within 30 days of the preliminary hearing, the stay automatically terminated on October 26, 1988, thirty days after the conclusion of the hearing.

## 2. *Waiver of the Time Constraints*

■ Debtor next argues that by submitting the two letters after the hearing, WIF impliedly waived its right to raise any timeliness objections under section 362(e) and Bankruptcy Rule 4001(a)(2). Although there is some authority for debtor's proposition, implied waiver is generally not found unless the creditor takes some action which is inherently inconsistent with adherence to the time constraints of section 362(e) and Bankruptcy Rule 4001(a)(2). *See, e.g., Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982) (implied waiver where creditor not only failed to object to the absence of preliminary hearing but also attended the final hearing beyond 30 day period without objection); *In re McNeely,* 51 B.R. 816, 821 (Bankr.D.Utah 1985) (implied waiver where creditor failed to schedule final hearing within 30 day period); *In re Small,* 38 B.R. 143, 147 (Bankr.D.Md.1984) (implied waiver of 30 day requirement where creditor filed discovery request to which responses were

due beyond the 30 day period); *In re Wilmette Partners*, 34 B.R. 958, 961 (Bankr.N. D.Ill.1983) (implied waiver where creditor agreed to continuance of preliminary hearing beyond 30 day time period). In each of these cases, the creditor's own actions were clearly inconsistent with an intention on his part to insist on his rights under section 362(e) and Bankruptcy Rule 4001(a)(2), thereby impliedly waiving those rights.

Here, WIF's actions were not inconsistent with the issuance of either a final order or a continuance of the stay pending the final order within the time limitations of section 362(e) and Bankruptcy Rule 4001(a)(2). Within six days of the conclusion of the hearing, WIF made two submissions. The first submission on September 28, 1988, consisted of a brief letter accompanying copies of exhibits requested by the court. The second submission on October 3, 1988, consisted of a three-page letter which primarily brought two cases to the attention of the court, one of which had been recently decided and neither of which pertained to WIF's request for modification of the stay. On October 6, 1988, debtor had requested that it be permitted to respond to the submissions. WIF raised no objections.

Given the limited nature of WIF's submissions and the speed with which they had been presented to the court, WIF could have reasonably assumed that the court would grant debtor either an equal amount of time to respond, that is six days, or a maximum of ten days, based on an analogy to Local Bankruptcy Rule 3(H) which grants an answering party ten days to respond to a motion. Even if the court had granted ten days, the response would have been due well before the thirty days had expired, permitting the court to issue a timely order. However, the court, without explanation and without informing WIF, orally chose to grant debtor twenty days in which to respond, an amount of time which would have made impossible issuance of a final order within the thirty-day period.

Unlike the cases in which waiver was found, creditor's actions did not necessarily require a delay beyond the time constraints set forth in section 362(e) and Bankruptcy Rule 4001(a)(2). Because the post-hearing submissions related to an issue other than the request for relief from the stay, the submissions did not require any delay in the issuance of an order continuing the stay. Even if the court could not have issued its order prior to debtor's response, the court could have required a response well within the time limits. Because it chose not to do so, it was the bankruptcy court's actions which engendered the delay. Moreover, WIF could have reasonably assumed that, if the court were to permit debtor to respond beyond the thirty-day period, it would inform WIF of its action or enter an order continuing the stay pending submission of debtor's response. WIF was, therefore, not on notice that its actions would prevent the issuance of a timely order, nor should it have known that such delay would necessarily occur. Consequently, the automatic stay terminated as of October 26, 1988, for failure of the court to issue a timely order under section 362(e).

**B.**

Debtor next contends that, notwithstanding termination of the automatic stay by operation of law, the bankruptcy court had authority to reimpose the stay by virtue of its injunctive powers pursuant to 11 U.S.C.A. § 105(a). Section 105(a) specifically provides that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte,* taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C.A. § 105(a).[2] Debtor argues that section 105(a) grants the court authority to

**2.** Although debtor raised the issue in the district court of whether the bankruptcy court order

could be affirmed on the basis of section 105(a), neither the bankruptcy court nor the district

issue an injunction, effectively continuing the stay, where the automatic stay has lapsed due to the inadvertence of the court. WIF argues in response that use of section 105(a) to issue such an injunction constitutes judicial legislation, and, in light of the express language of section 362(e), undermines congressional intent.

This issue is one of first impression in this court, and authority outside of the bankruptcy courts is limited and in some conflict. *Compare In re Martin Exploration Company,* 731 F.2d 1210, 1214 (5th Cir.1984) (without much analysis, court allows reimposition of stay under section 105(a) where automatic stay terminated for failure to observe time constraints of section 362(e)), *with In re Looney,* 823 F.2d 788, 792–93 (4th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987) (holding section 105(a) may allow reimposition of stay upon appropriate application but rejecting court's routine continuation of stay where lapse under section 362(e) solely due to overcrowded dock of the court).

The courts have advanced two distinct theories, leading to contrary and irreconcilable results. On the one hand, some courts adhere to the theory that section 105(a) cannot be used to reimpose a stay which had terminated under section 362(e) because such use would amount to judicial legislation in contravention of the clear and unambiguous language of section 362(e). *See, e.g., In re Marine Power & Equipment Co.,* 71 B.R. 925, 929–30 (W.D.Wash. 1987); *In re Jones,* 89 B.R. 1, 1 (Bankr.D. D.C.1988); *In re Wood,* 33 B.R. 320, 322–23 (Bankr.D.Idaho 1983); *see also In re Dominelli,* 788 F.2d 584, 586 (9th Cir.1986) (court cannot use general equitable powers of section 105(a) to authorize that which Congress has considered and rejected); *In*

*re Willbet Enterprises, Inc.,* 43 B.R. 90, 92–93 (Bankr.E.D.Pa.1984) (same).

This theory draws support from the stated congressional purpose in enacting section 362(e); that is, to preclude bankruptcy courts from neglecting or unreasonably delaying review of requests for relief from the automatic stay to the detriment of the secured creditor. As Congress explained:

> The bill enunciates the standards for relief, and further provides that unless the court acts quickly, the relief is automatic on request by a creditor. Too often today, court delay in handling requests amounts to complete denial of relief. The court can thus avoid the issue, and yet rule in the debtor's favor. This bill prevents such action.

House Report at 175, *reprinted in* 1978 U.S.Code Cong. & Admin.News at 6136. WIF asserts that granting an injunction under section 105(a) when the automatic stay has terminated for lack of a timely order permits the bankruptcy courts to circumvent the precise time constraints of section 362(e) to the detriment of the secured creditor and in contravention to express congressional intent.

■ On the other hand, the majority of courts have held that the broad injunctive powers of section 105(a) authorize bankruptcy courts to reimpose a stay which has lapsed under section 362(e). *See, e.g., In re Looney,* 823 F.2d at 792–93; *In re Martin Exploration Co.,* 731 F.2d at 1214.[3] This should be especially so where such lapse is due to the inadvertence of the court and not due to any failure on the part of the debtor. Under this second theory, the standards applied to reimpose the stay under injunctive principles are more stringent than those applied under section 362(d) to continue the stay. In order to obtain section 105(a) injunctive relief, the debtor, in

court addressed the issue, and debtor never formally applied for such injunctive relief in accordance with the procedures set forth in Bankruptcy Rule 7065 and Fed.R.Civ.P. 65.

**3.** Cases in the district and bankruptcy courts are: *In re Medical Plaza Assocs.,* 67 B.R. 879, 882 (W.D.Mo.1986); *Spagnol Enterprises v. Atlantic Financial Federal Savings Ass'n,* 33 B.R. 129, 131 (W.D.Pa.1983); *In re Landron Vallejo,*

73 B.R. 57, 58 (Bankr.D.P.R.1987); *In re ML Barge Pool VII Partners Series A,* 71 B.R. 161, 164 (Bankr.E.D.Mo.1987), *aff'd* 98 B.R. 957 (E.D.Mo.1989); *In re Clark,* 69 B.R. 885, 993 (Bankr.E.D.Pa.), *aff'd in relevant part,* 71 B.R. 747 (Bankr.E.D.Pa.1987); *In re Rolanco, Inc.,* 43 B.R. 150, 152 (Bankr.E.D.Mo.1984); *In re Brusich & St. Pedro Jewelers, Inc.,* 28 B.R. 545, 549 (Bankr.E.D.Pa.1983).

accordance with Bankruptcy Rule 7065 and Fed.R.Civ.P. 65, has the burden of demonstrating to the court the following: substantial likelihood of success on the merits, irreparable harm to the movant, harm to the movant outweighs harm to the nonmovant, and injunctive relief would not violate public interest. *See ML Barge Pool,* 71 B.R. at 164; *Sunbelt Savings Ass'n v. Truman,* 95 B.R. 55, 57 (N.D.Tex.1988). The movant must also give the requisite notice of the proposed application for relief.

This second theory has considerable support. Notably, Congress clearly envisioned that section 105(a) would be available to issue an injunction on a case-by-case basis in situations expressly excepted from the automatic stay under section 362(a). *See* House Report at 175, 343, *reprinted in* 1978 U.S.Code Cong. & Admin.News at 6135, 6298 (Code grants courts "ample other powers to stay actions not covered by the automatic stay," including section 105(a), which require more careful review by the court); *see also Brock v. Morysville Body Works, Inc.,* 829 F.2d 383, 387 n. 5 (3d Cir.1987) (recognizing that injunction may issue where automatic stay unavailing). This legislative history makes clear that Congress did not intend that the strict provisions of section 362 preclude injunctive relief otherwise available under section 105(a). Moreover, any harm accruing to the secured creditor because of the availability of section 105(a) is minimal because an injunction would only issue where the debtor would have been entitled to a continuance of the stay but for the lack of a timely order. Applying section 105(a), therefore, merely permits the court to do equity where the debtor is not at fault and the circumstances justify such relief.

■ We agree with the majority that a lapsed stay may be reimposed under the equitable provisions of section 105(a), provided that the debtor has properly applied for such injunctive relief. Nothing in the language of either section 105(a) or section 362(e) precludes injunctive relief where the automatic stay has terminated as a result of the court's failure to adhere to the time constraints of section 362(e). The legislative history, moreover, clearly indicates that Congress intended section 105(a) be available to the debtor to enjoin state proceedings even where those proceedings are specifically excepted from the automatic stay of section 362. The relief under section 105(a), however, is neither automatic nor may it be imposed *sua sponte* by the court. *See In re Looney,* 823 F.2d at 792–93. The movant must meet the standards for injunctive relief to which we have referred above.

Contrary to WIF's assertions, permitting the bankruptcy courts to reimpose the stay under section 105(a) will not undermine congressional objectives. Although section 362 provides protection for the creditor, such as the time constraints of section 362(e), section 362 is also intended to protect the interests of the debtor. To deny consideration of relief under section 105(a) where the automatic stay has terminated because the court, through no fault of the debtor, has failed to issue a timely order effectively strips a debtor of all protection. Section 105(a) should be considered as a safety net by which actions against the bankrupt estate may be enjoined when the automatic stay has terminated but the equities support appropriate injunctive relief.

This interplay between section 362 and section 105 advances rather than undermines congressional objectives by protecting the interests of both the creditor and debtor. The secured creditor's interests are protected (1) by automatic termination of the stay where the time constraints of section 362(e) are violated, and (2) by limiting reimposition of a stay under section 105(a) to those instances which meet the standards for injunctive relief. The debtor's interests are likewise protected by effectively permitting reimposition of the stay under section 105(a) when the equities support such action and by meeting the standards for injunctive relief. We envision, however, that equitable relief may be unavailable when the debtor's own actions engender the failure of the court to adhere to the time constraints of section 362(e) or when the equities are neither manifest nor no longer present. Therefore, notwithstanding the time constraints of section

362(e), the debtor may apply for an injunction under section 105(a) where the automatic stay has lapsed due to the lack of a timely order continuing such stay.

Although the debtor here has argued to the district court that section 105(a) could be an alternative basis for sustaining the bankruptcy court's order continuing the stay, it has never applied for such relief in accordance with the procedures set forth in Bankruptcy Rule 7065 and Fed.R.Civ.P. 65. On appeal, although debtor asserts section 105(a) as an alternative basis for affirmance, it notably failed to explain to this court why the equities support the issuance of injunctive relief. Moreover, neither the bankruptcy nor the district court based its decision to continue the stay on its equity powers under section 105(a). Because the debtor has not properly moved for injunctive relief and the record does not presently support the imposition of such an injunction, we are constrained to reverse the order of the district court without prejudice to the right of the debtor to apply for relief to the bankruptcy court under section 105(a).

### III.

For these reasons, the automatic stay insofar as it restrained WIF's foreclosure proceeding terminated by operation of law on October 26, 1988. Accordingly, the order of the district court will be reversed and the case remanded to the district court with directions forthwith to vacate the November 23, 1988 order of the bankruptcy court purporting to continue that stay. The mandate of this court will issue forthwith.

Costs taxed to the appellee.