In re SeSIDE COMPANY, LTD.

**J.H. STREIKER & CO., INC.,
Plaintiff/Appellant,**

v.

**SeSIDE COMPANY, LTD.,
Defendant/Appellee.**

**Civ. A. No. 93–1754.**

United States District Court,
E.D. Pennsylvania.

June 9, 1993.

See also 152 B.R. 878.

Janet I. Moore, Lesser & Kaplin, P.C., Blue Bell, PA and David B. Tatge, Ginsburg, Feldman and Bress, Washington, DC, for plaintiff/appellant.

Marvin Krasny, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, PA, for defendant/appellee.

## MEMORANDUM

BARTLE, District Judge.

■ This is an appeal from an order of the Bankruptcy Court denying the motion of J.H. Streiker & Co., Inc. ("Streiker") for relief from the automatic stay.[1] This Court has jurisdiction pursuant to 28 U.S.C. § 158. *John Hancock Mut. Life Ins. Co. v. Route 37 Business Park Associates*, 987 F.2d 154, 157 (3d Cir.1993).

SeSide Company, Ltd. ("SeSide"), the debtor, owns and operates a two hundred and twenty (220) unit apartment complex located in Allentown, Pennsylvania (the "property"). SeSide purchased the property for $7,300,000. It paid $2,100,000 at settlement and the balance by a purchase money wraparound note and mortgage in the amount of $5,200,000.

In March, 1992, SeSide defaulted on its mortgage to Streiker. Streiker and SeSide entered into workout negotiations to restructure the debt. After these negotiations reached an impasse, SeSide filed its chapter 11 bankruptcy petition on June 19, 1992. Streiker filed a motion for relief from the automatic stay, pursuant to 11 U.S.C. § 362, to enable it to foreclose on the property. A hearing was held on the motion on December 8, 1992. At the close of the hearing, the bankruptcy judge requested that the parties submit memoranda in support of their positions, pursuant to a briefing schedule agreed to by the parties. Streiker submitted its brief on December 15, 1992 and SeSide submitted its response on December 28, 1992. On March 10, 1993 the Bankruptcy Court entered an order denying the motion to lift the stay.

■ Streiker contends that the automatic stay terminated as a matter of law. It argues first that the bankruptcy judge failed to enter an order continuing the stay within the time frame provided by 11 U.S.C. § 362(e). It argues in the alternative that the bankruptcy judge erred in finding that the debtor had equity in the project and that the project was necessary for an effective reorganization, pursuant to Section 362(d)(2). We review a bankruptcy court's factual findings for clear error and exercise plenary review with respect to questions of law. *In re Jersey City Medical Ctr.*, 817 F.2d 1055, 1059 (3d Cir.1987).

Section 362(e) provides protection for secured creditors by setting a time certain within which the court must rule on a motion to lift the stay:

Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate ... such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be commenced not later than thirty days after the conclusion of such preliminary hearing.

Under this section, the automatic stay terminates thirty days after a request to

---

1. 11 U.S.C. 362(a) provides that the filing of a bankruptcy petition under Chapter 11 results in the imposition of an automatic stay of judicial proceedings including foreclosure actions. It thereby prevents secured creditors from liqui-

dating the assets of the debtor without the involvement of the Bankruptcy Court. *Wedgewood Investment Fund v. Wedgewood Realty Group, Ltd.*, 878 F.2d 693 (3d Cir.1989).

have it lifted unless the court "after notice and a hearing" orders the stay continued "pending the conclusion of, or as a result of, a final hearing and determination." The section further provides that the hearing may be a preliminary hearing after which the court may make a preliminary ruling. Alternately, it may be consolidated with the final hearing. If the hearing is preliminary, the court may order the stay continued only "if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing." It further directs that if the hearing is a preliminary hearing, the final hearing shall be commenced not later than thirty days after its conclusion. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 344 (1977). The statute does not provide a deadline for a final determination thereafter.[2]

In the present case, Streiker filed its motion to lift the stay on November 9, 1992. The Bankruptcy Court held a hearing on December 8, 1992 within the thirty days allotted by statute. However, at the end of the hearing the Bankruptcy Court did not issue an order regarding the continuance of the stay. Instead the court requested the parties to submit briefs stating their positions. The court held the following discussion regarding the briefing schedule:

THE COURT: By agreement, the movant's memo will be filed and served on opposing counsel by the 14th, and if you need until the 15th, I'll give it to you. [COUNSEL FOR STREIKER]: Thank you, your Honor.

THE COURT: [Counsel for SeSide] and his people can review that through the 18th. [Counsel for SeSide] leaving apparently on the 19th for the rest of the year, but their memo will be due on or before the 28th of December.

Neither party objected to this briefing schedule at the hearing or any time thereafter despite the fact that the briefing schedule concluded almost fifty days after

the initial request for relief from the stay. After agreeing to the schedule, Streiker simply attempted to reserve its right to a timely determination in a footnote at the end of its brief filed on December 15, 1992.

■ The debtor contends that the December 8, 1992 hearing was a final hearing for which no deadline is provided in the statute. Therefore no deadlines have expired. This argument misconstrues the language of the statute. The statute specifically requires that the stay will terminate unless the court enters some type of order within thirty days of the original request to lift the stay. After notice and a hearing, the court has the option of ordering the stay continued "pending the conclusion of, or as the result of, a final hearing and determination." According to *Collier on Bankruptcy:*

The effect of this language is to permit the litigants and the court the option of either holding a prompt final hearing which would have to be concluded and the order entered within thirty days of the filing of the request or treating the first hearing as a preliminary hearing. If the later option is chosen, the court may continue the stay in effect only if a finding is made that there is a reasonable likelihood that the party opposing relief will prevail at the conclusion of the hearing or at a final hearing which must be commenced within thirty days after the conclusion of the preliminary hearing.

2 *Collier on Bankruptcy,* ¶ 362.08 at 362–74 (15th Ed.1993). Regardless of whether the December 8, 1992 hearing was preliminary or final, the court was obligated to make some kind of ruling at its conclusion, within the thirty day period. Furthermore, if that hearing was a preliminary hearing, the statute mandates that a final hearing be scheduled within thirty days of its conclusion. No such hearing was scheduled. Thus, according to the terms of the statute, the stay terminated, at the latest, thirty days after the conclusion of the December 8, 1992 hearing.

**2.** Bankruptcy Rule 4001(a)(2) previously provided that the stay expired thirty days after the final hearing was commenced unless the court ordered the stay continued. This rule was deleted as unnecessary because of Section 362(e) of the 1991 amendments.

■ This, however, does not end the inquiry. Alternatively, the debtor contends, that by agreeing to a briefing schedule which concluded almost fifty days after Streiker's initial request, Streiker waived its right to have a determination within the time frame provided by statute. Implied waiver may be found where a creditor's actions are clearly inconsistent with an intention to insist on its rights. *Wedgewood Investment Fund v. Wedgewood Realty Group, Ltd.*, 878 F.2d 693, 698 (3d Cir. 1989); *In re Wilmette Partners*, 34 B.R. 958, 961 (Bankr.N.D.Ill.1983). In *Wilmette*, cited with approval in *Wedgewood*, the court found an implied waiver where the parties agreed to a continuance of the preliminary hearing beyond the thirty day time period.

In *Wedgewood*, however, the court failed to find waiver where the "creditor's actions did not necessarily require a delay beyond the time constraints set forth in section 362(e)." *Id.* at 699. There, a motion to modify the stay was filed on July 20, 1988. A hearing was originally set for August 15, 1988, but was continued by agreement until September 27, 1988. After the hearing, the creditor submitted letters of argument to the court. The court permitted the debtor time to respond and the creditor then claimed a lapse of the stay under Section 362(e). On November 23, 1988 the court denied the motion for modification of the automatic stay. The district court affirmed the order of the Bankruptcy Court. The Court of Appeals for the Third Circuit reversed, finding that the creditor's submission of letters did not necessarily require a delay beyond the time constraints of Section 362(e) and therefore did not constitute waiver. It further found that the automatic stay had lapsed because the court failed to render a final decision or hold a final hearing within thirty days of the conclusion of the preliminary hearing.

In this case, unlike in *Wedgewood*, the Bankruptcy Court stated on the record that the parties agreed to its briefing schedule. Streiker did not object at that time and submitted its brief according to schedule on December 15, 1992, thirty-six days after its initial request. Streiker's actions were thus inconsistent with an intent on its part to insist that the court enter either a final order or an order continuing the stay pending conclusion of a final hearing within thirty days of its initial request.

Streiker responds that the December 8, 1992 hearing was a preliminary hearing. According to Streiker, because the final brief was due within twenty days of the conclusion of that hearing, the schedule did not prevent the court from holding a final hearing within thirty days as mandated by the statute. Thus, Streiker argues that its actions were not inconsistent with the time frame mandated by Section 362(e).

■ This Court concludes, however, that the December 8, 1992 hearing amounted to a final hearing. *Wedgewood Investment Fund, supra.* is instructive on this point. At the conclusion of the hearing in *Wedgewood*, both parties declined the court's request that they submit findings of fact and conclusions of law. Furthermore, the parties failed to request an additional hearing, "presumably because they had nothing further to submit." *Id.* at 698. The Court of Appeals for the Third Circuit determined that the hearing was a final hearing, notwithstanding the Bankruptcy Court's characterization of it as "preliminary."

In this case, both parties indicated that they had no further evidence and rested at the conclusion of the hearing. Neither party has ever requested a second hearing or the opportunity to present additional evidence. Although the parties did submit post trial briefs at the request of the Bankruptcy Court, that did not serve to make the hearing preliminary. The parties in *Wedgewood* also submitted memoranda after the conclusion of the hearing. The court held that because the memoranda constituted legal argument only, they did not serve to continue the hearing or make it preliminary. *Id.* at 698. The post trial briefs in this case consisted of legal argument. There was no request for an opportunity to present additional evidence. The December 8, 1992 hearing was therefore a

final hearing which concluded that day.[3] By agreeing to the briefing schedule, which prevented the court from ruling within the thirty day period provided by statute, Streiker waived the timeliness provisions of Section 362(e) and cannot now assert that the stay has lapsed.

Finally, Streiker contends that the Bankruptcy Court erred in finding that the debtor had equity in the property and that the property was necessary for an effective reorganization. Streiker argues that the stay should therefore be lifted pursuant to 11 U.S.C. § 362(d)(2)(B).[4] The scope of this Court's review is governed by Rule 8013 of the Federal Rules of Bankruptcy Procedure which provides that "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of the witness." In describing the clearly erroneous standard in the context of appellate review, the Supreme Court stated, "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the Court of Appeals may not reverse it even though convinced that had it been sitting as trier of fact, it would have weighed the evidence differently." *Anderson v. City of Bessemer, N.C.*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

■ The burden of proving that the debtor has no equity in the property is on the party seeking to lift the stay. *United Savings Association v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). The Bankruptcy Court heard testimony regarding the value of the property from both parties and found the debtor's valuation

more credible. That decision was not clearly erroneous.

■ Streiker contends that its testimony that the value of its claim is $5,714,629 is uncontradicted on the record. This argument is without merit. The debtor listed Streiker's claim on its schedule of indebtedness at $5,369,737.50. This schedule was offered into evidence *by Streiker* without any limitation or reservation and admitted by the court. Furthermore, pursuant to 11 U.S.C. § 521 the debtor is required to file a schedule of assets and liabilities. Rule 3003(b)(1) of the Federal Rules of Bankruptcy Procedure provides that the schedule of liabilities "shall constitute prima facie evidence of the validity and amount of the claims of creditors …" A party who disputes the amount of a debt listed on the debtor's schedules may file a proof of claim pursuant to 11 U.S.C. § 521(1) and F.R.B.P. 3003(c)(4). Unless a creditor files such a proof, the debtor's schedule is considered binding. 11 U.S.C. § 1141(d)(1)(A); *In re Malkove & Womack, Inc.* 134 B.R. 965 (Bankr.N.D.Ala.1991). Streiker had not filed a proof of claim at the time of the hearing. Furthermore, in its motion to lift the stay, Streiker listed its claim as $5,369,-737.50 consistent with the amount on Se-Side's schedule. Even assuming that Streiker had the ability to raise its larger claim for the first time at the hearing, the Bankruptcy Court was did not commit clear error in disbelieving Streiker's testimony and in relying instead on the amount listed on the debtor's schedule.

■ Finally, the Bankruptcy Court determined that even if the debtor had no equity in the property, the property was necessary for an effective reorganization and therefore the stay could not be lifted.

---

**3.** If the hearing was not concluded until the parties submitted their briefs, the court would have been required to enter an order, within the thirty day period, to continue the stay pending conclusion of the hearing. The statute does not provide a deadline for entry of a final decision on the merits after the entry such an order. 2 *Collier on Bankruptcy,* ¶ 362.08 at 362–74 (15th Ed.1993). By agreeing to the briefing schedule, Streiker implicitly acknowledged that the court would not enter a final order within thirty days of its request. Streiker thereby waived the re-

quirement that the court enter an order specifically continuing the stay pending the continuation of the hearing.

**4.** 11 U.S.C. § 362(d)(2) provides that the court shall grant relief from the stay with respect to a stay of an act against property if:

(A) The debtor does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization.

After a review of the record, this Court holds that these findings are plausible and are, therefore, not clearly erroneous. *See Anderson v. City of Bessemer, N.C.,* 470 U.S. at 574, 105 S.Ct. at 1511. The order of the Bankruptcy Court will be affirmed.