OPINION OF THE COURT
SEITZ, Circuit Judge.
Appellant Centre Services appeals the order of the district court dismissing Centre Services’ appeal from the order of the bankruptcy court expunging its creditor claim. We have jurisdiction pursuant to 28 U.S.C. § 158(d) (Supp. II 1984).
I.
Each of the four debtors, Walsh Trucking Co., Inc., National Retail Transportation, Inc., Hempstead Delivery Co., Inc., and Coastal Freight Lines, Inc. (collectively “Walsh companies”), and Francis J. Walsh, individually and doing business as Frank Walsh Financial Resources (“Walsh”), filed voluntary bankruptcy petitions in June 1985.[1] The bankruptcy court established the Official General Unsecured Creditors’ Committee (“general committee”) and empowered it to challenge claims of creditors.
Centre Services filed a proof of claim against National Retail Transportation, Inc. and Walsh Trucking Co., Inc., for $184,-807.95, which was executed by its president, Charles Kelchner. Questions were raised regarding other transactions between Centre Services and Walsh. Several subpoenas were issued to Kelchner and Centre Services, which were challenged on various grounds by Kelchner and Centre Services. Kelchner invoked his fifth amendment privilege against self-incrimination and refused to testify concerning various matters relating to Centre Services’ claim.[2] Subsequently, the United States Trustee and counsel for the general committee filed a Notice of Motion for an Order to Remove Centre Services from the general committee. Centre Services was then dismissed from the general committee.
Thereafter, counsel for the general committee filed an Application for Order Expunging Claims of Centre Services. At a hearing on the motion, Centre Services placed its proof of claim in evidence. At this hearing, Kelchner again refused to testify. The bankruptcy court expunged the claim of Centre Services on the ground that it had failed to prove its claim.
Centre Services filed a Notice of Appeal to the district court. The district court held that the order expunging Centre Services’ claim was not appealable as of right. The court also denied Centre Services’ motion for leave to appeal such order. This appeal followed.
II.
This appeal requires us to determine (1) whether the order was appealable to the *700 district court since no motion for reconsideration was filed in the bankruptcy court, and, if no such motion was required (2) whether the district court properly interpreted the provisions of 28 U.S.C. § 158(a) (Supp. II 1984). Our standard of review is plenary.
The general committee contends that the order of the bankruptcy court was not final and thus not appealable to the district court because the order could still be reconsidered by the bankruptcy court, although no such motion had been made. Bankruptcy Rule 3008 provides in relevant part:
A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate.
11 U.S.C. § 502(j) (Supp. II 1984) provides in relevant part:
A claim that has been allowed or disallowed may be reconsidered for cause.
The quoted language is clearly permissive, and we can think of no reason to construe the provisions as requiring that a party file such a motion before appealing. The opposite conclusion would have the most burdensome implications for the bankruptcy courts. Finally, the general committee has cited no authority supporting its contention.
We conclude that the filing of a motion for reconsideration in the bankruptcy court, though undoubtedly desirable in some situations, is not a jurisdictional precondition to an appeal to the district court.
Although the general committee does not contend that the bankruptcy court order was not otherwise final for section 158(a) purposes, we must, nevertheless, resolve that matter in discharging our appellate function.
None of our cases appears to have confronted the specific issue presented in this case, namely, does the expunging of a creditor’s claim in an ongoing bankruptcy proceeding constitute a final order appealable to the district court. Appeals from the bankruptcy court are governed by the Bankruptcy Amendments and Federal Judgeship Act of 1984, which provides in pertinent part:
The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and with leave of the court, from interlocutory orders and decrees, of bankruptcy judges____
28 U.S.C. § 158(a). To determine the meaning of “final orders” in the context of the statute, we must examine prior case law and the legislative history. In an opinion tracing the history of appellate jurisdiction in bankruptcy through the 1978 Bankruptcy Act,[3] Judge Breyer observed:
The Bankruptcy Act of 1898 ... gave Courts of Appeals jurisdiction over all orders — both final and interlocutory — in “proceedings” in bankruptcy____ As a result, any dispute between a bankrupt and his creditors over a claim or priority was a separate “proceeding,” and an order settling such a dispute was appeal-able____
Although Congress changed the language of the relevant statutes in 1978, the legislative history of the 1978 Act gives us no reason for believing that Congress wished to change this jurisdictional tradition____ The legislative disagreement between the House and Senate that led to the eventual jurisdictional compromise concerned which courts would first hear appeals, not what types of decisions would be appealable.
In re Saco Local Development Corp., 711 F.2d 441, 444-45 (1st Cir.1983) (emphasis in original) (citations omitted). The similarity between the provisions of the 1978 and 1984 Acts is compelling evidence that Congress intended to maintain the existing jurisdictional framework. See In re Riggsby, 745 F.2d 1153, 1154 (7th Cir.1984).
Several courts of appeals have addressed the general issue of finality in the context of appealability of bankruptcy court orders to the district court. In dictum, two *701 courts, deciding cases under the 1984 Act, have stated that in determining finality each adversary proceeding should be analyzed independently. In re The Charter Co., 778 F.2d 617, 621 (11th Cir.1985) (“In bankruptcy proceedings, it is generally the particular adversary proceeding or controversy that must be finally resolved, rather than the entire bankruptcy litigation.”); In re Fox, 762 F.2d 54, 55 (7th Cir.1985) (“A proceeding to establish a claim against a bankrupt estate is final for purposes of appeal when it is over and done with, even though the bankruptcy goes on.”).
In considering the appealability of bankruptcy rulings of the district court to the court of appeals,[4] this court has consistently interpreted the concept of finality “in a more pragmatic and less technical way in bankruptcy cases than in other situations.” In re Amatex Corp., 755 F.2d 1034, 1039 (3d Cir.1985).[5] We went on to note:
The rationale for viewing finality under a less rigorous standard in the bankruptcy area is clear. Bankruptcy cases frequently involve protracted proceedings with many parties. To avoid the waste of time and resources that might result from reviewing discrete portions of the action only after a plan of reorganization is approved, courts have permitted appellate review of orders that in other contexts might be considered interlocutory.
Id.; accord In re Brown, 803 F.2d 120 (3d Cir.1986). We believe that the considerations that led this court to adopt the more flexible standards of finality in reviewing bankruptcy proceedings are equally applicable in the context of appeals of orders of the bankruptcy court to the district court.
The impact that the expungement order will have on the distribution of the debtor’s assets is self-evident. This consideration weighs heavily in favor of treating the decision of the bankruptcy court as a final order. See In re Brown; In re Meyertech, 831 F.2d 410, 414 (3d Cir.1987). Additionally, a delayed right of appeal may result in an undesirable suspension of finality in bankruptcy proceedings.
We conclude that an order expunging a creditor’s claim in an ongoing bankruptcy proceeding is a final order immediately appealable to the district court under section 158(a).[6]
III.
In light of the foregoing, the order of the district court will be reversed and the case remanded for consideration of the merits of the appeal.

. These actions followed the entry of a treble-damages antitrust judgment against the Walsh companies, Walsh, and several other individuals. This judgment has been vacated. International Distribution Centers, Inc. v. Walsh Trucking Co., 812 F.2d 786 (2nd Cir.), cert. denied, — U.S. -, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987). International Distribution Centers is no longer a participant in the bankruptcy proceedings. These proceedings were consolidated and are ongoing.

. Issues relating to the contempt citations stemming from these proceedings are not before this court on this appeal.

. It should be noted that the relevant appealability provisions of the Bankruptcy Act of 1978 are very similar to those contained in the 1984 Act. See 28 U.S.C. § 1334(a) (repealed 1984) ("The district courts ... shall have jurisdiction of appeals from all final judgments, orders, and decrees of bankruptcy courts.").

. See 28 U.S.C. § 158(d) (Supp. II 1984) ("The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered [on appeals by the district courts and bankruptcy appellate panels].").

. Many of this court’s cases have come as appeals under 28 U.S.C. § 1293(b), which was repealed by the 1984 Act. See, e.g., In re Comer, 716 F.2d 168 (3d Cir.1983). These precedents are, however, still relevant because of the nearly identical language contained in §§ 1293(b) and 158(d). See In re Jeannette Corp., 832 F.2d 43, 45 n. 1 (3d Cir.1987).

.In view of our holding that the order of the bankruptcy court constitutes a final order, we need not consider Centre Services’ contentions that the collateral order doctrine applies or that the district court abused its discretion by denying Centre Services' motion for leave to appeal the expungement order.