In re BANKRUPTCY APPEAL OF ALLEGHENY HEALTH, EDUCATION AND RESEARCH FOUNDATION ("AHERF").

Appeal Of Order(S) Staying/Enjoining Orphans' Court Proceedings.

No. CIV.A.98–1993.
Bankruptcy No. 98–5882M.

United States District Court,
W.D. Pennsylvania.

May 19, 1999.

See also 252 B.R. 309.

Thomas F. Halloran, Mark A. Pacella, Robert C. Edmundson, Office of the Attorney General, Sean R. Sullivan, Kirkpatrick & Lockhart, Philip E. Beard, Norman E. Gilkey, Michael J. Bodner, Stonecipher, Cunningham, Beard & Schmitt, Pittsburgh, PA, Jean R. Robertson, Lee D. Powar, Hahn, Loeser & Parks, Cleveland, OH, David A. Murdoch, Ellen L. Surloff, David L. McClenahan, Robert L. Byer, Kirkpatrick & Lockhart, Pittsburgh, PA, for Commonwealth of Pennsylvania, by D. Michael Fisher, Attorney General, Allegheny University Medical Practices, Allegheny General Hospital, Allegheny Singer Research Institute, Allegheny University Hospitals–West, appellants.

Douglas A. Campbell, Stanley E. Levine, Campbell & Levine, Pittsburgh, PA, David G. Heiman, Richard M. Cieri, Robert W. Hamilton, Jones, Day, Reavis & Pogue, Cleveland, OH, for Official Committee of Unsecured Creditors of Allegheny Health, Education and Research Foundation, appellees.

Gary Philip Nelson, Sherrard, German & Kelly, Pittsburgh, PA, for Western Pennsylvania Healthcare System, Inc.

Daniel I. Booker, Eric A. Schaffer, Reed, Smith, Shaw & McClay, Pittsburgh, PA, for Highmark Blue Cross Blue Shield.

## MEMORANDUM OPINION AND ORDER OF COURT

LEE, District Judge.

On April 16, 1999, this Court heard oral argument on the merits of the consolidated appeals[1] from the November 2, 1998, and November 30, 1998, Orders of the Bankruptcy Court enjoining the proceedings initiated by the Commonwealth of Pennsylvania, by its Attorney General, D. Michael Fischer, in the Court of Common Pleas of Allegheny County, Orphans' Court Division, and declaring that Court's *ex parte* order of October 23, 1998, null and void. Also on April 16, 1999, the Court entertained oral argument on William J. Scharffenberger's, the Trustee in Bankruptcy's, motion to dismiss the appeals.

This Court previously entered an Order, on February 1, 1999, granting the appellants' respective motions to stay the November 2, 1998, and November 30, 1998 Orders of the Bankruptcy Court pending appeal, pursuant to Bankruptcy Rule 8005, Stay Pending Appeal. An integral facet of the analysis under Rule 8005 is, of course, the likelihood of appellants' success on the merits of the appeal. In granting the motion to stay pending appeal, the Court resolved that issue (as well as the other prongs of the analysis), preliminarily, in favor of appellants, stating in its memorandum opinion:

> The threshold issue in this consolidated appeal—the issue by which this Court must gauge the likelihood of suc-

---

1. Appellants in this consolidated appeal are the Commonwealth of Pennsylvania, by its Attorney General, which appealed the Bankruptcy Court's Orders of November 2, 1998, and November 30, 1998, and the Allegheny General Hospital, Allegheny Singer Research Institute, Allegheny University Medical Centers and Allegheny University Hospitals-West, the "Non-Debtor Entities," which appealed the Bankruptcy Court's Order of November 30, 1998.

cess on its merits—is this: By what authority may the Bankruptcy Court enjoin proceedings before a state court of competent jurisdiction in matters arguably affecting debtors in bankruptcy or their property and assets that may be included in the bankrupt estate; or, more specifically, whether the Orphans' Court proceedings are subject to the automatic stay of section 362(a) [11 U.S.C. § 362(a)] or are exempt from stay pursuant to section 362(b)(4) [11 U.S.C. § 362(b)(4) ]. There is a strong likelihood movants will prevail on their contention that the Orphans' Court proceedings are not subject to the automatic stay, and that the Bankruptcy Court erred in refusing to recognize the police powers exception.

\* \* \*

... [T]his Court must determine at the threshold whether the Bankruptcy Court has the authority to oust the Orphans' Court of its jurisdiction to resolve these unsettled, complex and important [underlying, property interest] questions of state law. Because this Court finds the Bankruptcy Court has no authority to do so under the auspices of section 362(a), it is neither necessary nor appropriate to resolve the ultimate underlying issue.

\* \* \*

(e) *Conclusion*

In light of the foregoing discussion, the police powers exception of section 362(b)(4), as amended, clearly is applicable in this case and exempts the Commonwealth from section 362(a)'s automatic stay of the Orphans' Court litigation. Accordingly, it is likely to prevail on the merits of the issue before this Court in these consolidated appeals.

Memorandum Opinion, February 1, 1999, at 20–21, 37.

After careful consideration of the arguments advanced at oral argument, the memoranda of law submitted by all parties, the opinions, orders and transcribed statements of the Bankruptcy Court, and the record transmitted from the Clerk of the Bankruptcy Court, this Court will adopt its preliminary decision on the likelihood of success on the merits as its final decision on appeal, for the reasons set forth in the Memorandum Opinion of February 1, 1999.

The Official Committee of Unsecured Creditors of Allegheny Health, Education and Research Foundation ("Committee"), appellee, argues that none of "the appeals are from a final judgment, order, or decree," and therefore, since this "Court has not granted leave to appeal either of the two interlocutory Bankruptcy Court Orders," this Court does not have jurisdiction to hear the appeals from Bankruptcy Court's Orders. Brief of the Appellee, 1. The Trustee agrees with the Committee that the Bankruptcy Court's Orders of November 30, 1998, are not final, and therefore are not appealable. The Court finds the Committee's and the Trustee's various objections to this Court's jurisdiction and/or the exercise of its discretion to entertain this appeal to be highly technical ones based, at least in part, upon certain mischaracterizations of the Bankruptcy Court's orders, and, more importantly, finds their objections to be without merit.

First, it is well established in the Third Circuit that the determination of whether a Bankruptcy Court order is final and appealable is a pragmatic one, *Commerce Bank v. Mountain View Village, Inc.,* 5 F.3d 34 (3d Cir.1993), and, pragmatically viewed, the Bankruptcy Court's orders appealed *clearly* are final for purposes of this Court's review. In *Mountain View,* the Court of Appeals for the Third Circuit stated:

This Court has emphasized that considerations unique to bankruptcy proceedings require us to take a pragmatic approach to finality. *In re Market Square Inn, Inc.,* 978 F.2d 116, 120 (3rd Cir.1992); ... *see also In re Comer,* 716 F.2d 168, 171–72 (3d Cir.1983); ... The

same rationale applies equally to an order of the bankruptcy judge as to an order of the district court. *See In re Rosemary Brown,* 916 F.2d [120] at 124 n. 8 [(3d Cir.1990)]; *Walsh Trucking Co. v. Insurance Co. of North America,* 838 F.2d 698, 701 (3d Cir.1988) . . . .

In deciding whether a bankruptcy order is final, we have given weight to such factors as the impact on the assets of the estate, the preclusive effect of a decision on the merits, the need for additional fact-finding on remand, and whether the interests of judicial economy will be furthered . . . .

5 F.3d at 36–37 (certain citations omitted). *See also In re Colon,* 941 F.2d 242 (3d Cir.1991) (an order finding a violation of the automatic stay is a final order and is, therefore, appealable under the statute); *United States v. Nicolet, Inc.,* 857 F.2d 202, 205 (3d Cir.1988) ("We have found a pragmatic and less technical approach to finality to be more appropriate in bankruptcy proceedings that often are protracted and involve numerous parties asserting various claims. 'To delay resolution of discrete claims until after final approval of a reorganization plan, for example, would waste time and resources, particularly if the appeal resulted in reversal of a bankruptcy court order necessitating re-appraisal of the entire plan.' *Clark v. First State Bank (In re White Beauty View),* 841 F.2d 524, 526 (3d Cir.1988)."); *In re West Electronics,* 852 F.2d 79, 82 (3d Cir. 1988) (bankruptcy judge refused to lift automatic stay so government could terminate contract with debtor, and district court affirmed; Court of Appeals determined Bankruptcy Court's Order was final because it raised pure issue of law, requiring no further factual or legal development, and that the consequence of the bankruptcy court's decision was "to reject the government's legal positions as the passage of time would not have made them more tenable."); *Penn Terra Ltd. v. Dep't of Environmental Resources, Common-*

*wealth of Pennsylvania,* 733 F.2d 267, 271 n. 4 (3d Cir.1984) (district court's affirmance of bankruptcy court's enforcement of automatic stay of state environmental proceeding over Pennsylvania's assertion of the police powers exception "resolved an issue separate from the merits of the remainder of Penn Terra's bankruptcy proceedings. Furthermore, its order, because of its nature, would otherwise evade effective review."); *In re Gianakas,* 112 B.R. 737, 740 (W.D.Pa.1990) ("bankruptcy court order granting or denying a creditor relief from an automatic stay, even though the bankruptcy litigation will continue as a whole, is final and appealable."), *quoting In re Amatex Corp.,* 755 F.2d 1034 (3d Cir.1985).

■ The Orders of November 2, 1998, and November 30, 1998, restrain the Commonwealth from taking any further action in the Court of Common Pleas of Allegheny County, Pennsylvania, Orphans' Court Division ("the Orphans' Court"), and declare null and void the *ex parte* order entered by the President Judge of that Court, pursuant to 11 U.S.C. § 362(a) ("automatic stay") and, alternatively, 11 U.S.C. § 105(a) (injunctive relief, by its authority under section 105(a) to issue orders "necessary or appropriate to carry out the provisions" of the Code). The second order of November 30, 1998, stated that the Bankruptcy Court's "injunction set forth in this Court's emergency interim order granting emergency motion of official committee of unsecured creditors enforcing the automatic stay and enjoining actions of the Commonwealth . . . issued October 25, 1998, *shall be continued indefinitely until further order of this Court.*" Second Order of November 30, 1998, R. 256c (emphasis added).

These Bankruptcy Court orders (i) did not explicitly contemplate or require further proceedings in that Court for the injunction against further Orphans' Court proceedings to remain in effect;[2] (ii) had a

---

2. Although Bankruptcy Court recognized the

parties might file additional motions and initi-

preclusive effect on the ability of the Attorney General and Orphans' Court to exercise their "symbiotic ... authority and jurisdiction pertaining to the oversight of charitable trusts and foundations," Memorandum Opinion of February 1, 1999, 34; and (iii) involve a "turf" issue between courts with concurrent jurisdiction over certain common questions having a potentially huge impact on the assets of the estate; which (iv) would evade appellate review should this Court decline to exercise jurisdiction. Thus, the Bankruptcy Court's Orders of November 2, 1998 and November 30, 1998, are final orders over which this Court has jurisdiction to hear and resolve appeals therefrom, pursuant to 28 U.S.C. § 158(a)(1). Alternatively, had the Court found the orders appealed to be interlocutory, it would have granted leave to appeal and would have heard said appeals pursuant to 28 U.S.C. § 158(a)(3) and Bank.R. 8003(c). *In re Gianakas*, 112 B.R. 737, 741 n. 3 (W.D.Pa.1990).

■ The argument that the Non-Debtor Entities are not "persons aggrieved" and do not have standing to appeal the Order of November 30, 1998, which implicitly placed those entities themselves within the confines of "assets" of the bankrupt Allegheny Health, Education and Research Foundation estate, and outside the protection of the Attorney General and the Orphans' Court, borders on frivolous, and requires little discussion. *See Travelers Ins. Co. v. H.K. Porter Co., Inc.*, 45 F.3d 737, 741 (3d Cir.1995) ("only those who have been directly and adversely affected pecuniarily by an order of a bankruptcy court may bring an appeal"), *citing In re Dykes*, 10 F.3d 184, (3d Cir.1993) (approving Ninth Circuit Court of Appeal's view that one is a "person aggrieved" if the contested order "diminishes their property, increases their burdens, or impairs their rights."). *See also Krebs Chrysler–Plymouth, Inc. v. Valley Motors, Inc.*, 141

F.3d 490, 495 (3d Cir.1998) (reaffirming *Travelers*).

■ The Trustee and the Committee urge this Court, in the event it is inclined to reverse the Bankruptcy Court on the merits of this appeal, to do so without prejudice to their right to seek injunctive relief pursuant to 11 U.S.C. § 105(a). The Court has no problem granting that request, inasmuch as it has previously recognized the viability of such relief in an appropriate case. In granting the Commonwealth's emergency motion for stay pending appeal, this Court recognized that, although it was premature and improper for the Bankruptcy Court to have entered a section 105(a) injunction without full evidentiary hearing and findings of fact, that avenue of relief was not necessarily foreclosed if proper procedures were followed:

> Additionally, the choice of forum issue may be revisited at a later time, by the Bankruptcy Court or by this Court, if the public interests are shown to be *disserved* by dual proceedings or if the proceedings in the Orphans' Court were to be unreasonably delayed for some reason. The Court notes that the Bankruptcy Court has the *authority* to issue injunctions pursuant to section 105(a), 11 U.S.C. § 105, to enjoin proceedings that are not automatically stayed by section 362(a). *See, e.g. Wedgewood Invest. Fund, Ltd. v. Wedgewood Realty Group, Ltd.*, 878 F.2d 693, 700–01 (3d Cir.1989) (where automatic stay had been inadvertently terminated by bankruptcy court, bankruptcy court could consider injunction under section 105); ... However, in that event, it would be the party moving for an injunction that would bear the burden of proving the four elements necessary for injunctive relief, *Wedgewood Invest. Fund*, 878 F.2d at 700. an extraordinary remedy that will only be granted in limited circumstances....

ate additional proceedings before it, such as a motion to lift the stay by the Attorney General or the Non-Debtor Entities, and invited the

parties to do so, at least at some point, its orders were not conditioned upon such additional filings or proceedings.

Some courts have taken the position that even more caution than usual should be exercised when entertaining the prospect of enjoining a proceeding which Congress has exempted from operation of section 362(a)'s automatic stay.... This Court expresses no view on the likelihood of success of a complaint to enjoin the Orphans' Court proceedings, but notes that the existence of a viable exception to the automatic stay should at least *inform* the Bankruptcy Court's decision of whether to enjoin a proceeding subject to an exception recognized by section 362(b), as Congress has conducted its balance of interests with regard to exempt proceedings....

Memorandum Opinion, February 1, 1999, 38–39 (additional citations omitted; emphasis in original).

Accordingly, for the foregoing reasons and as set forth more fully in this Court's Memorandum Opinion and Order of February 1, 1999,

**AND NOW, this 19th day of May, 1999, it is HEREBY ORDERED as follows:**

1. The Orders of the Bankruptcy Court entered November 2, 1998, and November 30, 1998, are **REVERSED,** without prejudice to the right of the Official Committee of Unsecured Creditors of Allegheny Health, Education and Research Foundation or the Trustee in Bankruptcy to seek *appropriate* injunctive relief pursuant to section 105(a), 28 U.S.C. § 105(a).

2. The Motion by William J. Scharffenberger [Trustee] to Dismiss Appeals pursuant to Bankruptcy Rule 8011 (Document No. 23) is **DENIED,** without prejudice to the right of the Official Committee of Unsecured Creditors of Allegheny Health, Education and Research Foundation or the Trustee in Bankruptcy to seek *appropriate* injunctive relief pursuant to section 105(a), 28 U.S.C. § 105(a).